## KOWALSKI v GRATOPP

Docket No. 108576. Submitted April 13, 1989, at Lansing. Decided June 6, 1989.

Leslie J. Kowalski, an advanced paramedic for Community Emergency Medical Services, suffered injuries when he slipped and fell on an accumulation of ice on the walkway of premises owned by E. John Gratopp while responding to a call from the Pontiac Fire Department to pick up a nonemergency patient who was suffering abdominal pain. Kowalski filed suit against Gratopp in Oakland Circuit Court alleging negligence in maintaining the premises. The court, Norman L. Lippitt, J., granted summary disposition in favor of Gratopp on the basis of the "fireman's rule," which holds that fire fighters or police officers may not recover for injuries occasioned by the negligence which caused their presence on the premises in their professional capacities. Plaintiff appealed.

The Court of Appeals *held:*

1. The fireman's rule is limited to public employees. Plaintiff was employed by a private company when he was injured and, although the company was under contract with the City of Pontiac to provide limited service to the community, the scope of that service is unclear. The call on which plaintiff was injured was not an emergency and Community EMS billed the patient directly. Therefore, it appears plaintiff was not acting as a public employee at the time of his injury, and the pleadings raise a question of fact as to plaintiff's employment status. The court erred in applying the fireman's rule to defeat plaintiff's action.

2. Even if plaintiff were viewed as a public employee for purposes of the fireman's rule, the rule would not preclude his cause of action. The fireman's rule does not extend beyond fire fighters and police to other public employees.

Reversed.

NEGLIGENCE — FIRE FIGHTERS — POLICE OFFICERS — DAMAGES.

The "fireman's rule," which states that fire fighters or police

REFERENCES

Am Jur 2d, Premises Liability §§ 97, 102, 272 *et seq.*

Products liability: "fireman's rule" as defense. 62 ALR4th 727.

officers may not recover for injuries occasioned by the negligence which caused their presence on the premises in their professional capacities and includes injuries arising from the normal, inherent, and foreseeable risks of their chosen professions, does not extend beyond fire fighters and police to other types of public employees.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Robert L. Blamer* and *Gail P. Massad*), for plaintiff.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Thomas R. Bowen* and *Mary R. Benedetto*), for defendant.

Before: BEASLEY, P.J., and WEAVER and CAVANAGH, JJ.

BEASLEY, P.J. Plaintiff, Leslie J. Kowalski, appeals as of right from an order granting summary disposition in favor of defendant, E. John Gratopp, and dismissing plaintiff's complaint.

Plaintiff worked as an advanced paramedic for Community Emergency Medical Services, which held a contract with the City of Pontiac for ambulance service. On February 15, 1985, plaintiff responded to a call from the Pontiac Fire Department to pick up a nonemergency patient who was suffering abdominal pain. After arriving at the scene, plaintiff slipped and fell on an accumulation of ice on the walkway of premises owned by defendant Gratopp. Plaintiff tore his right bicep tendon and claims permanent restriction of movement preventing his return to employment as a Community EMS paramedic. On July 8, 1986, plaintiff filed suit alleging negligence in maintaining the premises. Defendant Gratopp moved for summary disposition under the fireman's rule articulated in *Kre-*

*ski v Modern Wholesale Electric Supply Co.*[1] The trial court granted the motion. Plaintiff appeals.

In *Kreski,* the Supreme Court said:

> Thus, as a matter of public policy, we hold that fire fighters or police officers may not recover for injuries occasioned by the negligence which caused their presence on the premises in their professional capacities. This includes injuries arising from the normal, inherent, and foreseeable risks of the chosen profession.[2]

Application of the fireman's rule is limited by its very nature to public employees. It is the public that hires, trains, and compensates fire fighters and police officers to confront danger. Basic to the public policy rationale underlying the fireman's rule is the spreading to the public of the costs of employing safety officers and of compensating them for any injuries they may sustain in the course of their employment. "Fire fighters are present upon the premises, not because of any private duty owed the occupant, but because of the duty owed to the public as a whole."[3]

Here, the pleadings indicate that plaintiff was employed by a private company, Community EMS, when he was injured. Community EMS was under contract with the City of Pontiac to provide limited service to the community, but the scope of that service is unclear. According to plaintiff's affidavit, the call on which he was injured was not an emergency, and Community EMS billed the patient directly, as opposed to billing the city. It appears that plaintiff was not acting as a public employee, and the pleadings at least raise a ques-

---

[1] 429 Mich 347; 415 NW2d 178 (1987), reh den 429 Mich 1215 (1988).

[2] *Id.* at 372.

[3] *Kreski, supra* at 366, quoting *Calvert v Garvey Elevators, Inc,* 236 Kan 570, 576; 694 P2d 433 (1985).

tion of fact as to plaintiff's employment status. Therefore, we believe the trial court erred in applying the fireman's rule to defeat plaintiff's action. If plaintiff was injured while merely furthering the private operation of a medical taxicab, there is no public policy reason to apply the fireman's rule to this case.

More fundamentally, even if plaintiff were viewed as a public employee for purposes of the fireman's rule, the rule would not preclude his cause of action. While the *Kreski* Court acknowledged that the precise parameters of Michigan's fireman's rule would require delineation in later cases,[4] the Court did not contemplate an extension of the rule beyond fire fighters and police to other types of public employees.

> [There is a] *fundamental difference between the function of safety officers and that of other occupations peripherally involving danger.* The very nature of police work and fire fighting is to confront danger. The purpose of these professions is to protect the public. It is this relationship between police officers, fire fighters, and society which distinguishes safety officers from other employees . . . .
>
> * * *
>
> [F]ire fighters and police officers are different than other employees whose occupations may peripherally involve hazards. *Safety officers are employed, specially trained, and paid to confront dangerous situations for the protection of society. They enter their professions with the certain knowledge that their personal safety is at risk while on duty.* Property owners and occupiers cannot reasonably predict visits by safety officers or control their activities while on the premises. Finally, injuries suffered by safety officers while in the course of their employment are compensable

---

[4] *Kreski, supra* at 370.

by workers' compensation, thereby spreading the cost and risk to the public. [Emphasis added.][5]

Paramedics are employed and paid to treat injuries or illnesses which may arise out of dangerous situations. The paramedic's occupation is one which may peripherally involve hazards, but they are not employed, trained, or paid specifically to confront those hazards.

Reversed.

---

[5] *Kreski, supra* at 367, 371-372.