236 N.J. Super. 64 (1989)
563 A.2d 1172
JOANN SILIGATO, AS ADMINISTRATRIX OF THE ESTATE OF DANIEL SILIGATO, DECEASED, AND STEPHEN SILIGATO, SR., PLAINTIFFS,
v.
DAWN HILES, KENNETH HILES, SR. AND STEELMAN HILES, DEFENDANTS.
Superior Court of New Jersey, Law Division Cumberland County.
Decided July 3, 1989.
*65 Linda Pirolli, for plaintiffs (Jacob, Robinson & Ferrigno, attorneys).
Renee E. Scrocca, for defendants (Powell, DeAngelis & Powell attorneys).
KLEINER, J.S.C.
Plaintiff has filed this wrongful  death and survival action charging defendants with providing negligent babysitting services and seeks damages for the death of their 19-month old son. Defendants have moved to dismiss count three of plaintiff's *66 complaint for failure to state a claim on which relief can be granted pursuant to R. 4:6-2(e). Count three of plaintiff's complaint seeks damages on behalf of Stephen Siligato, the father of the deceased child, pursuant to the decision in Portee v. Jaffee, 84 N.J. 88 (1980). Portee affords damages for the negligent infliction of emotional distress to a parent who observes the serious physical injury or death of his or her child. Defendants argue that plaintiff's Portee v. Jaffee claim is barred by the "fireman's rule" because Stephen Siligato was acting in his capacity as a volunteer emergency rescue squad member when he was dispatched to defendant's premises to render aid to his son who had asphyxiated.
The novel issue presented in this case is whether the "fireman's rule" should be extended to volunteer emergency rescue squad personnel; and, if so, will such an extension bar a volunteer emergency rescue squad member's claim to recover for psychological injuries pursuant to Portee v. Jaffee?
The facts as presented by the moving parties' briefs disclose that on October 21, 1987, Daniel Siligato, a 19-month old infant, was in the care and custody of defendant, Dawn Hiles. Ms. Hiles routinely received compensation for providing babysitting services for plaintiffs in their home.
That afternoon, Dawn Hiles put Daniel down for a nap and left the room. Sometime later, she re-entered the room and discovered that Daniel was not breathing. She called for assistance and the Millville Emergency Rescue Squad was dispatched by radio to the Hiles residence to render aid.
Plaintiff, Stephen Siligato, was at that time a member of the Millville Emergency Rescue Squad. He received the radio notice that a medical emergency was in progress, but was not aware that his son was involved. Stephen Siligato rushed to the scene to find his son not breathing and accompanied him to the hospital while attempting to restore respiration. Daniel subsequently died.
There are no New Jersey cases which have applied the "fireman's rule" to volunteer emergency rescue squad personnel. *67 The rule was first adopted in Krauth v. Geller, 31 N.J. 270 (1960), which held that a fireman could not bring a claim for negligence with respect to risks of injury inevitably involved in firefighting. Thereafter, the Court extended the "fireman's rule" to on-duty police officers in Berko v. Freda, 93 N.J. 81 (1983). In Ferraro v. Demetrakis, 167 N.J. Super. 429 (App. Div. 1979) the rule was applied to volunteer firemen.
In all three cases cited above, the courts applied an assumption of risk analysis: an act of ordinary negligence should not expose an actor to liability for an injury sustained in the course of a public servant's performance of necessary, albeit, hazardous duties. Berko, supra 93 N.J. at 88. In addition to an assumption of the risk analysis, the courts recognize that a public servant is compensated for the increased risk of danger inherent in his job by negotiating pay which reflects hazard, as well as by having recourse to workers' compensation benefits. Krauth, supra 31 N.J. at 273-274.
In Ferraro, supra, the court extended the "fireman's rule" beyond paid personnel to include volunteer public servants and stated:
A trained fireman faces the same dangers and must be deemed to assume the same risks whether he is a volunteer or salaried. Moreover, volunteer firemen are expressly covered by workers' compensation law. N.J.S.A. 34:15-43; 34:15-74. [167 N.J. Super. at 433]
In Ferraro, the volunteer public servant was a fireman; there appears no logical reason not to apply the rule to a volunteer emergency rescue squad member. The very nature of an emergency rescue squad member's business involves the saving, delivering or freeing of others from danger. Implicit in this work is the risk of injury. Just as volunteer firemen are covered by the workers' compensation law, so too are volunteer first aid or rescue squad workers. N.J.S.A. 34:15-43. Therefore, this court holds that the application of the "fireman's rule" is extended to volunteer emergency rescue squad workers.
Having so ruled, the court must now determine whether defendant is entitled to a dismissal pursuant to R. 4:6-2(e). *68 Clearly the relief sought is inappropriate. The peculiar facts of this case are the prima facie basis for a Portee v. Jaffee claim. Each of the following elements required under that decision ostensibly have been met.
(1) The death or serious physical injury of another caused by defendants negligence; (2) a marital or intimate familial relationship between plaintiff and the injured person; (3) observation of the death or injury at the scene of the accident; and (4) resulting severe emotional distress. [Portee v. Jaffee, supra, 84 N.J. at 97]
However, it is clear that as a result of this court's ruling, as to the applicability of the "fireman's rule" to injuries sustained by volunteer rescue squad workers that plaintiff has a remedy cognizable by the Division of Workers' Compensation insofar as purely psychological injuries have always been and are still, where proven, compensible under our workers' compensation law. Sanderlin v. E.I. duPont Co., 102 N.J. 402 (1986); N.J.S.A. 34:15-36.
Where a complaint is filed beyond the jurisdiction of the court, and where appropriate relief may be afforded in another division of the court system, the proper remedy is a transference of the proceedings to the appropriate court and not a dismissal of a cause of action. As a result, the order of this court is that count three of this complaint is hereby severed.
The proceedings under count three will be transferred to the Division of Workers' Compensation for a determination of compensibility. Counts one and two[1] of plaintiff's complaint shall proceed in the Law Division irrespective of the separate collateral proceeding in the Division of Workers' Compensation.
An order of transference shall be prepared by plaintiff's counsel.
NOTES
[1] Count one asserts a claim for wrongful death. Count two asserts a survival action for pain and suffering.