265 N.J. Super. 95 (1993)
625 A.2d 573
WILLIAM J. LEES AND CHARLOTTE LEES, HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
ATTILLO LOBOSCO AND ELVIRA LOBOSCO, HIS WIFE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 3, 1993.
Decided June 2, 1993.
*96 Before Judges GAULKIN, HAVEY and STERN.
Harvey R. Browne argued the cause for appellants (Browne and Galluccio, attorneys).
Patrick M. Sages argued the cause for respondents (Hack, Piro, O'Day, Merklinger, Wallace & McKenna, attorneys).
The opinion of the court was delivered by GAULKIN, P.J.A.D.
This case presents yet another question as to the scope of the "fireman's rule": does it apply to a suit brought by a municipally-employed emergency medical technician? We hold that it does not.
Plaintiff William J. Lees, an emergency medical technician (EMT) employed in the Paterson Fire Department, was dispatched to render emergency medical assistance to defendant Attillo Lobosco at his home. While carrying Lobosco in a "stair chair" to the ambulance, Lees allegedly slipped and fell on an accumulation of snow and ice on the sidewalk in front of Lobosco's house. Alleging negligent maintenance of the sidewalk, Lees brought this action against Lobosco and his wife; Lees's wife asserted a per quod claim. On defendants' motion, a Law Division judge dismissed the causes of action as barred by the fireman's rule. Plaintiffs appeal.

I
We have described plaintiff as a municipally-employed EMT, not as a fireman or firefighter. The parties have treated him as such throughout the litigation. The facts permit no other description of his employment.
Plaintiff was hired by Paterson as an EMT and he was so classified and certified by the New Jersey Department of Personnel. He was never trained or certified as a firefighter, nor did he ever perform firefighting duties. He served in the Paterson *97 Emergency Medical Services Department, which, according to plaintiff's uncontradicted certification, was "under the auspices" of the Paterson Fire Department "[a]s a matter of administrative convenience, and for no other reason."
For purposes of the fireman's rule, then, plaintiff was not a fireman or firefighter. His administrative assignment to the Fire Department is irrelevant.

II
As first announced in Krauth v. Geller, 31 N.J. 270, 157 A.2d 129 (1960), the fireman's rule mandated only "that the occupier [of private property] is not liable to a fireman for the creation of a fire." Id. at 275, 157 A.2d 129. Berko v. Freda, 93 N.J. 81, 459 A.2d 663 (1983), extended the rule to policemen, but again limited the immunity to "an act of ordinary negligence that creates the occasion for the presence of a firefighter or a police officer in a place where he is injured." Id. at 84, 459 A.2d 663. That limitation was removed by Rosa v. Dunkin' Donuts of Passaic, 122 N.J. 66, 583 A.2d 1129 (1991), which applied the fireman's rule to bar a policeman's suit for injuries sustained when he slipped on the floor of a donut shop to which he had responded on a call for emergency medical assistance. The expanded scope of the immunity was there stated as follows:
[T]he policies and goals that bar a firefighter and police officer from recovering for injuries sustained from an ordinary act of negligence that occasioned the officer's presence on the premises are equally applicable to bar liability for injuries that arise from an act of ordinary negligence posing a hazard that is incidental to and inherent in the performance of the officer's duties.
[Id. at 76, 583 A.2d 1129.]
The New Jersey appellate decisions both before and after Rosa all involve fire and police officers and describe the fireman's rule as applicable only to those persons. The core question here  whether the rule should be extended to include any other classes of persons  has been addressed only in two reported trial court decisions that reached conflicting results. Siligato v. Hiles, 236 N.J. Super. 64, 563 A.2d 1172 (Law Div. 1989) (rule applicable to a *98 local volunteer emergency rescue squad member); Kiernan v. Miller, 259 N.J. Super. 320, 612 A.2d 1344 (Law Div. 1992) (rule inapplicable to a volunteer first aid worker engaged on behalf of the municipality).
Defendants argue here, as they did in the trial court, that Krauth, Berko and Rosa stand for the proposition that "an act of ordinary negligence should not expose an actor to liability for an injury sustained in the course of a public servant's performance of necessary, albeit hazardous, duties." Relying on plaintiff's official job description  which includes duties to respond to calls for emergency medical treatment, extricate patients from entrapment, render emergency care, prepare victims for transportation and transport them to hospital  defendants say that plaintiff's public employment "involves the saving, delivering or freeing of others from danger." See Siligato, supra, 236 N.J. Super. at 67, 563 A.2d 1172. Accordingly, defendants urge, just as the defendant in Rosa was immune from liability for the policeman's fall on the slippery floor, so too they should be immune from liability for plaintiff's fall on their slippery sidewalk.
That argument has its blandishments. The policy justifications for the fireman's rule can be said to reach beyond firefighters and police officers to EMTs and other persons who assume duties to respond to danger and emergency. Firefighters and police officers are not the only persons who undertake on behalf of the community "to confront crisis and allay dangers," Berko, supra, 93 N.J. at 86-87, 459 A.2d 663, nor are they the only ones who "have assumed (and been trained to handle) those risks." Rosa, supra, 122 N.J. at 72, 583 A.2d 1129. Other public employees  as well as volunteers and others serving the public need  are "summoned in circumstances of emergency" with "no reasonable expectation that the property has been made safe for [their] arrival." Id. at 73, 583 A.2d 1129 (quoting Maryland Casualty Co. v. Heiot, 224 N.J. Super. 441, 444, 540 A.2d 920 (Law Div. 1988)). The risks they encounter, including an ordinary act of negligence, can certainly be regarded as "inherent and incidental to the performance of *99 [their] duties." Id. at 73-74, 583 A.2d 1129. Nevertheless, we are satisfied that the fireman's rule should not be expanded to include persons other than firefighters and police officers.
The central and oft-stated justification for the fireman's rule is that firefighters and police officers are sui generis, that they are paid to confront danger and that they accordingly have both responsibilities and powers unlike those of other public servants. As stated in Berko, supra, 93 N.J. at 86, 459 A.2d 663:
Both [firefighters and police officers] are paid to confront crises and allay dangers created by an uncircumspect citizenry, a circumstance that serves to distinguish firefighters and police from most other public employees.
The Supreme Court has never indicated that the fireman's rule would be applied to any persons other than firefighters and police officers. To the contrary, the Court's expressions consistently invoke the special role of such officers as the warrant for the rule. See, e.g., Mahoney v. Carus Chemical Co., Inc., 102 N.J. 564, 573, 510 A.2d 4 (1986) ("[h]azards negligently created are staples of the duties firemen and policemen are expected to perform"); Rosa, supra, 122 N.J. at 66, 583 A.2d 1129 ("[t]he accidents and emergencies occasioning the presence of firefighters and police officers ... are ... the very reason for the existence of the public forces of the `finest' and the `bravest'").
Most of the other jurisdictions that have adopted a fireman's rule have similarly suggested that the rule is to be applied only to firefighters and police officers. See, e.g., Furstein v. Hill, 218 Conn. 610, 616-22, 590 A.2d 939, 943-45 (1991) (fireman's rule justified by special authority, training and benefits enjoyed by police officers and firefighters); Thomas v. Pang, 72 Haw. 191, 197, 811 P.2d 821, 825 (1991) ("public policy considerations ... amply support a classification of fire fighters separate and apart from most public employees"); Winn v. Frasher, 116 Idaho 500, 503, 777 P.2d 722, 725 (1989) (fireman's rule recognizes the special relationship between police officers, firefighters and society); Calvert v. Garvey Elevators, Inc., 236 Kan. 570, 574-76, 694 P.2d 433, 438 (1985) (status and responsibilities of firefighters justify the rule on public policy grounds); Kreski v. Modern Wholesale Elec. *100 Supply Co., 429 Mich. 347, 371, 415 N.W.2d 178, 189 (1987) ("fire fighters and police officers are different than other employees whose occupation may peripherally involve hazards"); England v. Tasker, 129 N.H. 467, 471, 529 A.2d 938, 940-41 (1987) (fireman's rule supported by policy considerations arising from responsibilities of police and firefighters, and the relationship between citizens and police and firefighters).
Indeed, in the few cases that directly address the question, the courts of other states have refused to extend the fireman's rule to other classes of public employees. Illustrative, and particularly apropos, is Krause v. U.S. Truck Co., Inc., 787 S.W.2d 708 (Mo. 1990), where the Missouri Supreme Court held the fireman's rule inapplicable to a municipal ambulance attendant injured at the scene of an automobile accident:
Policemen and firemen have exceptional responsibilities. At the scene of an emergency they are covered by a panoply of legal powers and duties necessary to control the people and place where rescue is required. They are expected to act with daring and dispatch to protect life and property. Other public servants may be sent to the scene to perform duties tangent to the emergency. But the official whose primary duty is to confront danger is the fireman or policeman.
[Id. at 713.]
See also Kowalski v. Gratopp, 177 Mich. App. 448, 442 N.W.2d 682 (1989) (fireman's rule not applicable to municipal paramedic, whose work only "peripherally involve[s] hazards"); Bath Excavating & Constr. Co. v. Wills, 847 P.2d 1141 (Colo. 1993) (fireman's rule is not a "public safety worker rule" and thus is not applicable to a municipal utility worker injured at scene of emergency caused by ruptured water line); cf. Evans v. J. Roberts Constr., Inc., 527 So.2d 918 (Fla. Dist. Ct. App. 1988) (where injury occurred during code enforcement inspection at construction site, applicability of fireman's rule depended on whether plaintiff was a police officer or a building inspector). But cf. Pane v. City of New York, 177 A.D.2d 688, 577 N.Y.S.2d 68 (1991), appeal denied, 80 N.Y.2d 752, 599 N.E.2d 692, 587 N.Y.S.2d 288 (1992) (finding the "reasoning" of the fireman's rule "equally relevant to court officers, whose *101 scope of duty particularly includes preserving order in the courtroom").
Any extension of the fireman's rule beyond fire and police officers would thus contradict the rule's rationale. But doctrinal purity is not the sole consideration. We are equally concerned that any such extension would invite the wholesale abolition of traditional tort actions by public employees who suffer injuries as a result of hazards inherent in their employment. Many kinds of public employees confront dangers inherent in their jobs. See Rosa, supra, 122 N.J. at 83, 583 A.2d 1129 (Handler, J., dissenting) ("there are more similarities than differences between police officers and firefighters and a host of other public employees"). If we did not distinguish firefighters and police officers from other public employees, then no public employees would be able to recover for injuries sustained as a result of those dangers. The Supreme Court has never suggested such a broad rule, nor would we. The potential reach of the fireman's rule has been contained by restricting its application to firefighters and police officers. That limitation may be regarded as arbitrary and productive of "quaint results" as between similarly situated plaintiffs, Mahoney, supra, 102 N.J. at 586, 510 A.2d 4 (Clifford, J., dissenting in part), but it is practical, workable and consistent with our appellate case law and the case law of other jurisdictions. We will not tamper with it.
The dismissal order is reversed. The matter is remanded to the Law Division for proceedings consistent with this opinion. Siligato v. Hiles, 236 N.J. Super. 64, 563 A.2d 1172 (Law Div. 1989) is overruled.