[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this case, there was a trial; the court will review those facts which the jury could have fairly found. An officer was called to and arrived at the scene of a noisy party. The plaintiff officer was dressed in his uniform. At the trial, the officer testified that he observed an individual later identified as the defendant go to a knapsack and retrieve what appeared to him to be plastic baggies. No more than a car length separated the officer from the defendant. The officer then shined his flashlight on the defendant and said, "why don't you take that (the baggies) out of your pants so that I don't have to go after it." The defendant then ran and the officer pursued testifying he believed the defendant was in possession of narcotics. From his training and experience, the officer testified that marijuana is often placed in plastic baggies. The officer pursued the defendant to stop him and verify what he had on his person. When the pursuit started, the officer was 15 feet from the defendant. During the pursuit, the officer stated he ordered the defendant to stop at least once. The pursuit continued through a backyard and the officer felt he was just about to catch the defendant but "all of a sudden he just fell away." What in fact happened is that the defendant descended a steep cliff or embankment that bordered the back yard and could not be seen from the yard. The officer continued the pursuit and fell down the embankment seriously injuring himself. The defendant moved for a directed verdict which the court denied. A mistrial CT Page 8134 was declared when the jury could not reach a verdict. Now the defendant moves for judgment in accordance with his motion for a directed verdict.
The defendant relies on the application of the so-called Firefighter's Rule to argue that recovery is barred in this case. Our court adopted the rule in Kaminsky v. Fairfield, 216 Conn. 29, 38 (1990) and extended it to police officers in Furstein v. Hill, 218 Conn. 610, 615-16 (1991). The court has not extended the rule in the case of either firefighters or police officers to non-premise liability cases. In other jurisdictions several cases have applied the rule to bar suit by a police officer when the officer was injured in cases not involving premises liability but where injuries resulted from making an arrest or traffic stop. InKaminsky, when the court was discussing permutations of this difficult rule, it cited cases where suit by police officers was barred where the officers were injured not on premises to which they were summoned but as a result of traffic stops, Walters v. Sloan, 511 P.2d 609 (Cal. 1977) and traffic pursuits Berko v. Freda 459 A.2d 663 (1983). Furstein also cited the Berko case and England v. Tasker, 529 A.2d 938 (NH 1987) which involved a policeman injured in a nonpremises liability context. Several other jurisdictions have also applied the rule to bar suit by officers injured not as a result as a dangerous condition of premises they were called to but as a result of pursuits of suspects, see for exampleHubbard v. Boelt, 620 P.2d 156, 158 (Cal. 1980); Woods v. City ofWarren, 482 N.W.2d 696 (Mich. 1992).
Frankly, there do not appear to be many cases confining the operation of the Firefighter's Rule to the premises liability context whether a firefighter or police officer happens to be involved. Court v.Grzelinski, 379 N.E.2d 281, 284 (III. Sup. Ct. 1978) is the only one the court could find. There, a firefighter was injured when trying to put out an automobile fire and the court refused to apply the rule to bar recovery. Judge Ryan in dissent made an observation that is difficult to counter and argues strongly for extension of the Firefighter's Rule to non-premises liability cases if you are going to have the rule at all.
At page 286, the judge said:
 The majority appears to be willing to apply the fireman's rule only in the "limited context of landowner/occupier liability." This implies that the majority would not permit a fireman to recover for injuries he receives in extinguishing a fire in my automobile which I caused by negligently pouring gasoline on the hot manifold if the automobile is parked in my driveway, but that he would be permitted to recover if my automobile is parked in the street. CT Page 8135 This appears to me not only to be extremely illogical but also to possibly present some constitutional questions.
The court did find one case, however, that made a distinction between extending the rule to firefighters as opposed to police officers. In Lavev. Newman, 317 N.W.2d 779, 782 (Neb. 1982), the court did say:
 "The reasons which justify the application of the fireman's (sic) rule in cases where firemen (sic) were injured in fires involving personal property are the same reasons which support the rule in fires involving real property. A similar analogy cannot be made as to police officers injured while performing their duty not on private premises."
It must be said. however, that Lave appears to be the minority view.
The question now before the court is, will our Supreme Court follow the apparent majority of jurisdictions and not only extend the rule to police officers but also to police officers claiming injury not associated with premises liability. A review of Furstein suggests that it might, but the answer is unclear. What are the reasons that court gives for the rule? It must be recognized that Furstein is dealing with a premises liability case. It first talks about the common law origin of the doctrine. k then states that since police officers can enter on property at any time at any place it would place a heavy burden on property ownership to require a landowner to keep all parts of his or her property safe218 Conn. pp. 616-17
— that is hardly an applicable consideration in answering the question stated above and now before the court. The court then goes on to note that some jurisdictions adopt the rule as a variation of assumption of risk doctrine. The court quotes a New Jersey case to the effect that the very nature of police and firefighting involves confrontation with danger "`the public should not be liable for damages for injuries occurring in the performance of the very function police officers and firefighters are intended to fulfill.'" Id., p. 618. But what or who is the "public" — one assumes the court means the taxpaying public that owns property, pays taxes for its protection and should not be obligated to pay safety personnel — in addition to taxes — sums to compensate then for the very injuries they could be expected to suffer because of the nature of the jobs they have. That does not seem to apply to the ordinary street situation where an officer is injured by a person's negligence while the officer is investigating a crime, making an arrest or pursuing a suspect. In those contexts is the negligent actor the "taxpayer" who pays taxes so police can be on the streets and through tax paying can argue that his or her own negligence CT Page 8136 should excuse any liability to the individual officer that is hurt? Whatever the viability of this argument in the landowner — premises liability context how it is relevant or fair when police activity not involving entry on premises is involved?
The final argument noted by the court is that officers are already compensated by pay and workers' compensation benefits — they often receive special benefits. This argument is analogous the notion that to impose liability in the premises liability context on the landowner would impose double liability — in taxes and tort, see218 Conn. pp. 618-20. This rationale would apply to police officers in the case of nonpremise liability injury given the fact that they do receive the benefits just mentioned. But it is not a particularly powerful argument for barring tort liability since why should the negligent wrongdoer in a case not involving premises liability be able to rely on payments made by the general taxpaying public. Also cities and the state could intervene in police officers' negligence actions to recoup any benefits that are paid out at least as regards workers' compensation.
Reviewing Furstein, it must be said that there are reasons for not extending the Firefighter's Rule so as to bar police officer suits for negligence in cases where the basis of the suit is not premises liability. But again, this would represent a minority position. For the purposes of discussion, this court will assume that our Supreme Court will apply the rule so as to bar police officers in this type of context. But is certainly not the end of the matter. Courts that utilize the Firefighter's Rule have carved out various exceptions to its operation. See Thomas v. Pang, 811 P.2d 821, 825 (Haw. 1991); Rosa v.Dunkin' Donuts of Passaic, 583 A.2d 1129, 1133 (NJ 1991); see generally, "Premises Liability" 62 Am.Jur.2d § 435, p. 740; Modern Tort Law, Lee and Lindahl, Vol. 3, 1993 Supp. p. 80; see generally 41 P.O.F.2d 133; see also "Liability to Police Owner or Occupant", 30 A.L.R.4th 81 (1984).
If we extend the rule to cover situations now before the court, our state will presumably adopt the exceptions to its application. Courts in various jurisdictions have said that the rule should not apply to bar recovery where (1) a defendant engages in negligent acts after the fireperson or police officer arrives at the scene. Thomas v. Pang, supra; Rosa v. Dunkin' Donuts, supra at 583 A.2d pp. 1133-34; citingBerko v. Freda, supra, "rule does not apply when a defendant's clearly `subsequent act of negligence' injures the police officer or firefighter." See also Am.Jur. cite at 62 Am.Jur.2d § 435 p. 740; (2) where the defendant was in violation of a statute, see Thomas v.Pang, supra, also cf. Walters v. Sloan, 571 P.2d 609, 613 (Cal. 1977); (3) where the defendant's wilfull and wanton conduct caused the injury.Thomas v. Pang, supra, Mahoney v. Carus Chemical Co., 510 A.2d 412
CT Page 8137 (N.J. 1986).
 I
Here the defendant engaged in what the jury could have regarded as negligent activity which led to the officer's injury. In Furstein, an officer tripped on defective flooring of a deck at a house where he was investigating a possible burglary. In this case, unlike Furstein, the defendant's negligence occurred subsequent to the officer's arrival so that failing to apply the Firefighter's Rule would not "create . . . artificial distinctions between the negligence that occasioned (the officer's) presence and the negligence defining the scene at which (the officer) arrives" — court quoted from Rosa v. Dunkin' Donuts, supra; see 218 Conn. at p. 618.
The Rosa court also reaffirmed its previous holding and held that the Firefighter's Rule does not apply when a defendant's clearly subsequent act of negligence injures the police officer or firefighter.583 A.2d pp. 1133-34. As noted, this exception is applied in other jurisdictions. In Walters v. Sloan, 571 P.2d 609, 611 fn 2 (Cal. 1977), the court noted "a police officer who while placing a ticket on an illegally parked car is struck by a speeding vehicle may maintain action against the speeder but the rule bars recovery against the owner of the parked car for negligent parking." This type of subsequent negligent activity as well as the type of activity involved in this case is not the type of risk this officer can be fairly said to have voluntarily and knowingly assumed when he went to break up what he thought was merely a loud teenage party. If the officer knew or suspected contraband might be involved and people would be attempting to flee, the option of using more officers or approaching the property from a different angle to prevent flight all of which could have avoided dangerous pursuits, could have been considered. Such an option would be much less sensible when the only risk of flight would be posed by youngsters trying to avoid a citation for underage drinking. There is a reason here then to not apply the Rosa court's qualification of the "subsequent act of negligence" rule noted at583 A.2d p. 1134:
 "We need only recognize that there may be cases in which acts of negligence that occur subsequent to an officer's arrival on the scene pose hazards so closely connected to the purpose of the officer's presence that they may fairly be described as incidental to and inherent in the performance of the officer's duties. We understand that the closeness of the connection may prevent one from sensibly or fairly describing these as independent and intervening negligent acts." CT Page 8138
The hazards presented by this defendant's flight cannot be said to be a danger "closely connected to the purpose of the officer's presence" — if the officer's safety is still a consideration under the rule, that is, and consideration is also given to steps officers could take to protect themselves before going to the scene of Criminal activity.
The court concludes that even if the Firefighter's Rule were to apply to this situation, the plaintiff's suit should not be barred because of the defendant's negligence subsequent to the officer's arrival at the scene.
 II
The court will now discuss another exception to the application of the Firefighter's Rule — the so-called statutory exception. If a negligent party violates a safety statute and that violation results in injury to the officer the Firefighter's Rule is said not to bar recovery. The statute must have been passed to protect the safety of the officer and if so recovery should not be barred because by passing such a statute "the legislature has established a public policy which courts should promote in negligence actions." Walters v. Sloan, 571 P.2d 609,613 (Cal. 1977).
The Walters case provides a nice illustration of the problem now before the court. There, an officer went to a noisy party, disorder had developed. The officer tried to arrest a minor for being drunk in public and was attacked. The attack was the proximate result of the homeowners serving alcohol to minors. The officer sued the adult homeowner for negligence. The court applied the Firefighter's Rule to bar suit. The court rejected the plaintiff's reliance on the violation of the statute which made it an offense to serve alcohol to minors to argue against application of the Firefighter's Rule. The court rejected the argument saying at 571 P.2d, p. 613:
 "Ordinarily, a criminal statute is enacted not to protect policemen from injuries while investigating or terminating the prohibited conduct but rather to protect the public. Enforcement of any criminal statute causes policemen to confront persons violating the statute, thereby imposing a confrontation and risk to the officer where none existed before. An officer called to enforce a criminal statute is thus not one of the class of persons for whose protection the criminal statute is adopted."
CT Page 8139 The California court reached a similar result in Hubbard v. Boelt,620 P.2d 156 (Cal. 1980). There, an officer using radar equipment ascertained that the defendant was driving over the speed limit and tried to pull him over — the defendant accelerated to 100 miles per hour to avoid arrest and the officer was injured during the pursuit. California courts extend application of the rule to bar suit in cases alleging both negligent and reckless conduct. The court also rejected the officer's argument that the rule should not apply because the defendant violated statutory provisions "designed to protect persons in plaintiff's class." Id. at p. 159. The court disagreed. The motor vehicle statute referred to made it a crime to disregard an officer's siren and red light and to flee or attempt to elude pursuit. One section of the penal code at issue proscribed "willful resistance, delay or obstruction of a police officer" and another section forbade use of force or weapons to resist arrest. As to the motor vehicle code section, the court said it was designed to reduce the hazard presented to the public high speed chases. In what might be regarded as a remarkable display of devotion to the enforcement of the Firefighter's Rule arid the rights of tortfeasors, the court said:
 "The resistance/obstruction and force/weapon statutes may have been enacted to assist the officer in making arrests and performing other official functions but it is unlikely that these provisions were intended to protect the officer from injuries received from traffic accidents. Thus, we cannot conclude that enforcement of the fireman's rule in the present case would be contrary to any public policy expressed in the statutory provisions cited by plaintiff."
The court does not necessarily agree with that remarkable exercise in logic but in any event, our resisting arrest statute is differently worded. Section 53-167 (a) of the General Statutes makes it a crime to interfere with an officer and states that: "A person is guilty of interfering with an officer when (that person) obstructs, resists, hinders or endangers any peace officer . . . in the performance of the officer's duties." (Emphasis added.)
Here, an officer saw what he had reason to believe was contraband in the possession of the defendant. He was in a police uniform, he told the defendant to give him the contraband, the defendant fled with the officer right behind him. Giving the facts that interpretation most favorable to the plaintiff it would appear that it could be reasonably, though not necessarily, concluded by a trier of fact that the defendant hindered this officer in the performance of his duty to seize contraband or at CT Page 8140 least investigate its possible possession and endangered the officer by running off into a dark area at night beyond the perimeters of the backyard of the house.
The statute applies to the facts here even though most resisting cases at the appellate level involve flight with an ensuing struggle, cf. Inre: Adalberto S., 27 Conn. App. 49, 56 (1992).
The very language of our statute does not permit it to be defined solely as a vehicle to ensure that suspects comply with arrest procedure. It talks about "endangering" the officer. One can only conclude that that language was precisely adopted to try to protect officers from being hurt when they are trying to do their duty; thus, "the legislature has established a public policy which courts should promote in negligence actions." Walters v. Sloan, supra. This court will do so by holding the statutory exception to the Firefighter's Rule applies and will deny the defendant's motion for judgment.[1]
Corradino, J.