Brent MOODY, Appellant,

v.

DELTA WESTERN, INC., Appellee.

No. S–9625.

Supreme Court of Alaska.

Jan. 11, 2002.

Kristen D. Pettersen, Ray R. Brown, Dillon & Findley, P.C., Anchorage, for Appellant.

Richard A. Weinig, Pletcher, Weinig, Fisher & Dennis, Anchorage, for Appellee.

William B. Aitchison, Aitchison & Vick, Inc., Portland, Oregon, for Amicus Curiae Anchorage Police Department Employees Association.

Before: FABE, Chief Justice,
MATTHEWS, EASTAUGH, and BRYNER, Justices.

*OPINION*

MATTHEWS, Justice.

The question in this case is whether the so-called Firefighter's Rule applies in Alaska. The Firefighter's Rule holds that firefighters and police officers who are injured may not recover based on the negligent conduct that required their presence. For public policy

reasons we join the overwhelming majority of states that have adopted the rule.

## I. FACTS AND PROCEEDINGS

The facts of this case are undisputed. On or around July 25, 1996, a Delta Western employee left a fuel truck owned by Delta Western in a driveway in Dillingham. The keys were in the ignition, the door was unlocked, and the truck contained fuel and weighed over 10,000 pounds. Delta Western had a policy of removing the keys from the ignitions of its trucks. Delta Western enacted this policy because of past incidents involving the theft and unauthorized entry of its trucks.

Joseph Coolidge, who was highly intoxicated, entered the unlocked truck and proceeded to drive around Dillingham. He ran cars off the road, nearly collided with several vehicles, and drove at speeds exceeding seventy miles per hour. Brent Moody, the chief of the Dillingham Police Department, was one of the officers who responded to the reports of the recklessly driven fuel truck. The driver of the van in which Moody was a passenger attempted to stop the truck after moving in front of it, but Coolidge rammed the van, throwing Moody against the dashboard and windshield. Moody suffered permanent injuries.

1. *Newton v. Magill*, 872 P.2d 1213, 1215 (Alaska 1994) (quoting *Ford v. Municipality of Anchorage*, 813 P.2d 654, 655 (Alaska 1991)).

2. *See Grable v. Varela*, 115 Ariz. 222, 564 P.2d 911, 912 (App.1977); *Waggoner v. Troutman Oil Co.*, 320 Ark. 56, 894 S.W.2d 913, 915 (1995); *Walters v. Sloan*, 20 Cal.3d 199, 142 Cal.Rptr. 152, 571 P.2d 609, 610 (1977) (abolished by Cal. Civil Code § 1714.9); *Kaminski v. Town of Fairfield*, 216 Conn. 29, 578 A.2d 1048, 1053 (1990); *Carpenter v. O'Day*, 562 A.2d 595, 601 (Del.Super.1988), *aff'd*, 553 A.2d 638 (Del.1988); *Kilpatrick v. Sklar*, 548 So.2d 215, 216–18 (Fla.1989) (limited by Fla. Stat. Ann. § 112.182); *Martin v. Gaither*, 219 Ga.App. 646, 466 S.E.2d 621, 624 (1995); *Thomas v. Pang*, 72 Haw. 191, 811 P.2d 821, 824 (1991); *Winn v. Frasher*, 116 Idaho 500, 777 P.2d 722, 725 (1989); *Court v. Grzelinski*, 72 Ill.2d 141, 19 Ill.Dec. 617, 379 N.E.2d 281, 285 (1978) (rule employed in premises liability cases); *Sports Bench, Inc. v. McPherson*, 509 N.E.2d 233, 234–35 (Ind.App.1987); *Pottebaum v. Hinds*, 347 N.W.2d 642, 643 (Iowa 1984); *Calvert v. Garvey Elevators, Inc.*, 236 Kan. 570, 694 P.2d 433, 438 (1985); *Sallee v. GTE South, Inc.*, 839 S.W.2d 277, 279 (Ky.1992); *Holloway v. Midland Risk Ins. Co.*, 759 So.2d 309, 313–14

Moody filed suit against Delta Western, alleging that the company (through its employe) negligently failed to remove the truck's keys from the ignition. In its amended answer, Delta Western argued that the "Firefighter's Rule" barred Moody's cause of action. Delta Western moved for summary judgment based on its Firefighter's Rule defense. The superior court granted Delta Western's motion, holding that the Firefighter's Rule bars police officers from recovering for injuries caused by the "negligence which creates the very occasion for their engagement."

Moody now appeals.

## II. STANDARD OF REVIEW

■ The question presented is one of law and of first impression: whether Alaska should adopt the Firefighter's Rule. We therefore apply the de novo standard of review, "adopt[ing] the rule of law which is most persuasive in light of precedent, reason and policy."[1]

## III. DISCUSSION

■ Nearly all of the courts that have considered whether or not to adopt the Firefighter's Rule have in fact adopted it.[2] Only

(La.App.2000); *Flowers v. Rock Creek Terrace Ltd.*, 308 Md. 432, 520 A.2d 361, 368 (1987); *Wynn v. Sullivan*, 294 Mass. 562, 3 N.E.2d 236, 237 (1936) (limited by Mass. Gen. Laws ch. 41 §§ 100, 111F); *Kreski v. Modern Wholesale Elec. Supply Co.*, 429 Mich. 347, 415 N.W.2d 178, 188–89 (1987) (abolished by M.C.L. §§ 600.2965–.2967); *Armstrong v. Mailand*, 284 N.W.2d 343, 350 (Minn.1979) (abolished by Minn.Stat. § 604.06); *Phillips v. Hallmark Cards, Inc.*, 722 S.W.2d 86, 89 (Mo.1986); *Nared v. School Dist. of Omaha*, 191 Neb. 376, 215 N.W.2d 115, 117–18 (1974); *Moody v. Manny's Auto Repair*, 110 Nev. 320, 871 P.2d 935, 940 (1994) (limited by Nev.Rev.Stat. § 41.139); *Matarese v. Nationwide Mut. Ins. Co.*, 141 N.H. 311, 682 A.2d 258, 258–61 (1996); *Krauth v. Geller*, 31 N.J. 270, 157 A.2d 129, 132–33 (1960) (abolished by N.J. Stat. Ann. § 2A:62A–21); *Moreno v. Marrs*, 102 N.M. 373, 695 P.2d 1322, 1325 (App. 1984); *Santangelo v. State*, 71 N.Y.2d 393, 526 N.Y.S.2d 812, 521 N.E.2d 770, 772 (1988) (limited by Gen. Mun. § 205–a,-e; Gen. Oblig. § 11-106); *Scheurer v. Trustees of Open Bible Church*, 175 Ohio St. 163, 192 N.E.2d 38, 43 (1963); *Smith v. Tully*, 665 A.2d 1333, 1335 (R.I.1995); *Carson v. Headrick*, 900 S.W.2d 685, 690 (Tenn.

one court has rejected it.[3] The New Jersey Supreme Court's reasoning in *Berko v. Freda* is typical of that of modern courts that have adopted the rule.[4] The superior court relied on *Berko* and explained the case as follows:

> In *Berko*, the defendant parked a Cadillac in a supermarket parking lot and left the keys in the ignition. Two juveniles stole the car and engaged in a high-speed chase with Officer Berko. The officer was injured while apprehending the juveniles and brought suit against the owner of the vehicle for negligence in leaving the keys in the ignition. The New Jersey Supreme Court held that, notwithstanding its finding that the car owner was negligent, the Firefighter's Rule insulated him from liability of the officer. The court stated:
>
>> Both [firefighters and police officers] are paid to confront crises and allay dangers by an uncircumspect citizenry, a circumstance that serves to distinguish firefighters and police from most other public employees. Citizens summon police and firefighters to confront danger. Government entities maintain police and fire departments in anticipation of those inevitable physical perils that burden the human condition, whereas most public employment posts are created not to confront dangers that will arise but to perform some other public function that may incidentally involve risk ... [.]
>>
>> This fundamental concept rests on the assumption that government entities employ firefighters and police officers, at least in part, to deal with the hazards that may result from their taxpayers'

own future acts of negligence ... [.] Exposing the negligent taxpayer to liability for having summoned police would impose upon him multiple burdens for that protection.

There is at work here a public policy component that strongly opposes the notion that an act of ordinary negligence would expose the actor to liability for injuries sustained in the course of a public servant's performance of necessary, albeit hazardous, public duties. In absence of a legislative expression of contrary policy, a citizen should not have to run the risk of a civil judgment against him for negligent acts that occasion the presence of a firefighter at the scene of a carelessly set fire or of a police officer at a disturbance or unlawful incident resulting from negligent conduct.[5]

Jurisdictions adopting the Firefighter's Rule emphasize its narrowness; the doctrine bars only recovery for the negligence that creates the need for the public safety officer's service.[6] Thus the Firefighter's Rule does not apply to negligent conduct occurring after the police officer or firefighter arrives at the scene or to misconduct other than that which necessitates the officer's presence.[7] Such misconduct may include failure to warn of pre-existing known but hidden dangers.[8]

Modern courts stress interrelated reasons, based on public policy, for the rule. The negligent party is said to have no duty to the public safety officer to act without negligence in creating the condition that necessitates the

---

1995); *Campus Mgmt., Inc. v. Kimball*, 991 S.W.2d 948, 950 (Tex.App.1999) (rule employed in premises liability cases only); *Commonwealth v. Millsaps*, 232 Va. 502, 352 S.E.2d 311, 315–16 (1987); *Maltman v. Sauer*, 84 Wash.2d 975, 530 P.2d 254, 257 (1975); *Hass v. Chicago & N.W. Ry. Co.*, 48 Wis.2d 321, 179 N.W.2d 885, 887–88 (1970).

**3.** *See Christensen v. Murphy*, 296 Or. 610, 678 P.2d 1210, 1218 (1984).

**4.** 93 N.J. 81, 459 A.2d 663 (1983).

**5.** *Moody v. Delta W., Inc.*, No. 3DI–98–63–CI (Alaska Super., February 7, 2000) (quoting *Berko*, 459 A.2d at 666–67 (alteration in original)).

**6.** *See, e.g., Kreski*, 415 N.W.2d at 183.

**7.** *See Neighbarger v. Irwin Indus., Inc.*, 8 Cal.4th 532, 34 Cal.Rptr.2d 630, 882 P.2d 347, 352 (1994); *see also Gail v. Clark*, 410 N.W.2d 662, 666 (Iowa 1987) (holding firefighter's rule does not bar recovery where police officer is injured while performing a law enforcement activity unrelated to violation that necessitated his presence at the scene); *Kreski*, 415 N.W.2d at 189 (recognizing exceptional cases, such as those involving willful misconduct, in which courts have refused to apply firefighter's rule to bar action; similarly adopting flexible approach to address "different fact patterns as they are presented").

**8.** *See Flowers*, 520 A.2d at 369.

officer's intervention because the officer is employed by the public to respond to such conditions and receives compensation and benefits for the risks inherent in such responses. Requiring members of the public to pay for injuries resulting from such responses effectively imposes a double payment obligation on them. Further, because negligence is at the root of many calls for public safety officers, allowing recovery would compound the growth of litigation.[9]

■ Courts find an analogy in cases in which a contractor is injured while repairing the condition that necessitated his employment.[10] In these cases, the owner is under no duty to protect the contractor against risks arising from the condition the contractor is hired to repair, and thus is not liable even if the condition was the product of the owner's negligence.[11] This "contractor for repairs" exception to the general duty of reasonable care is grounded in necessity and fairness.[12] Property owners should not be deterred by the threat of liability to the contractor from summoning experts to repair their property, regardless of why repairs are needed. Further, owners have paid for the contractor's expertise at confronting the very danger that injured him and should not have to pay again if the contractor is then injured.[13] The same factors are found to apply with respect to the public's need to call for the services of public safety officers.[14]

We agree with the reasoning of the modern courts and with the analogy to contractor cases. The Firefighter's Rule reflects sound public policy. The public pays for emergency responses of public safety officials in the form of salaries and enhanced benefits.[15] Requiring members of the public to pay for injuries incurred by officers in such responses asks an individual to pay again for services the community has collectively purchased. Further, negligence is a common factor in emergencies that require the intervention of public safety officers. Allowing recovery would cause a proliferation of litigation aimed at shifting to individuals or their insurers costs that have already been widely shared. To borrow the language of the semi-

---

**9.** *See Krauth,* 157 A.2d at 131 ("[I]n the final analysis the policy decision is that it would be too burdensome to charge all who carelessly cause or fail to prevent fires with the injuries suffered by the expert retained with public funds to deal with those inevitable, although negligently created, occurrences."); *Walters,* 142 Cal.Rptr. 152, 571 P.2d at 613 ("[A]bolition of the fireman's rule would burden our courts with litigation among the employer public agency, the retirement system, and the negligence insurer.").

**10.** *See, e.g., Krauth,* 157 A.2d at 131.

**11.** *See, e.g., Peters v. Titan Navigation Co.,* 857 F.2d 1342, 1345 (9th Cir.1988) (affirming summary judgment for shipowner regarding claims brought by hydraulic system repairman who was injured after slipping on spilled hydraulic fluid, because owner owes no duty to protect repairman from risks inherent in very condition he was hired to repair); *see also* 41 Am.Jur.2d, Independent Contractors § 41, n. 74 (1995) and the cases there cited.

**12.** *See Palenscar v. Michael J. Bobb, Inc.,* 439 Pa. 101, 266 A.2d 478, 481 (1970) ("It would be unjust to find that [the owner was negligent because he] should have repaired the system, and yet hold the company liable to one who had been employed to do exactly that.").

**13.** *See id.* at 480–81; *see also Anicet v. Gant,* 580 So.2d 273, 276 (Fla.App.1991) (describing contractor cases, where "the employee is deemed

not to be entitled to a tort recovery arising from a condition for the encountering and correction of which he is specifically paid").

**14.** *See Krauth,* 157 A.2d at 131:

[I]t is the fireman's business to deal with [fire] hazard and hence, perhaps by analogy to the contractor engaged as an expert to remedy dangerous situations, he cannot complain of negligence in the creation of the very occasion for his engagement. In terms of duty, it may be said there is none owed the fireman to exercise care so as not to require the special services for which he is trained and paid.

*Cf. Anicet,* 580 So.2d at 276 (denying mental institution worker recovery for injuries inflicted by violently insane person; analogizing to contractor cases, and also noting that the firefighter's rule, which at its core provides that "a person specifically hired to encounter and combat particular dangers is owed no independent tort duty by those who have created those dangers—even though ... the landowner or other defendant is actually guilty of negligence or of other fault in creating the dangers," presents "an apt analogy").

**15.** *See* AS 39.35.010–.690 (Public Employees Retirement System); AMC 03.85.010–.180 (Death, Disability and Retirement Benefits for Anchorage Police Officers & Firefighters).

nal *Krauth* case, "in the final analysis the policy decision is that it would be too burdensome to charge all who carelessly cause" conditions requiring a response by a public safety official "with the injuries suffered by the expert retained with public funds to deal with those inevitable, although negligently created," conditions.[16]

We thus conclude that the Firefighter's Rule applies in Alaska. We reach this conclusion based on the merits of the rule as accepted by the overwhelming majority of the courts of our sister states. It follows that summary judgment was properly granted.

AFFIRMED.

CARPENETI, Justice, not participating.