167 N.J. Super. 429 (1979)
400 A.2d 1227
HELENE FERRARO, AS ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF PHILIP M. FERRARO, JR.; MARGARET CHORMANSKI, AS ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF MICHAEL E. CHORMANSKI; JAMES E. FUCCI, AND ANNE MARIE FUCCI, PLAINTIFFS-APPELLANTS,
v.
JAMES D. DEMETRAKIS AND NELSON G. GROSS, A PARTNERSHIP TRADING AS JINERI COMPANY; VITO ALBANESE, SR.; 783 PALISADES AVENUE CORP.; VITO ALBANESE, SR., INC.; FOUNDERS BAR, INC.; COMBUSTION SALES CORP. OF N.J., AND M.G. ROMANO PLUMBING & HEATING, INC., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 3, 1979.
Decided April 17, 1979.
*430 Before Judges LYNCH, CRANE and HORN.
Mr. Nicholas L. Gigante argued the cause for appellants.
Mr. Victor C. Harwood, III, argued the cause for respondent Combustion Sales Corp. of N.J. (Messrs. Harwood, Lloyd, Ryan, Coyle & Wulster, attorneys; Mr. Bruce C. Morrissey on the brief).
Mr. Henry A. Larner argued the cause for respondent M.G. Romano Plumbing & Heating, Inc. (Messrs. Budd, Larner, Kent, Gross, Picillo & Rosenbaum, attorneys).
No brief was filed on behalf of any of the other respondents.
PER CURIAM.
Plaintiffs appeal from a summary judgment entered in favor of defendants upon a complaint alleging negligence in failing to repair a defective oil burner, which negligence allegedly caused a fire in the boiler room of an apartment building owned by defendant Jineri Company and leased to defendant Albanese. Plaintiffs Ferraro and Chormanski *431 are the widows of two firemen killed by smoke inhalation suffered in that fire; plaintiff James Fucci was another fireman who sustained personal injury in the same fire, and his wife sued for loss of consortium. Plaintiffs alleged that defendants negligently caused the deaths and injury in that they failed to correct the known defective condition of the oil burner. Defendants Combustion Sales and Romano Plumbing were alleged to have been hired by the other defendants to repair the oil burner, which repairs were allegedly done negligently.
The trial judge granted a summary judgment in favor of all defendants, ruling that no duty was owed to the firemen, nor was any wanton conduct proved. The judge deemed Krauth v. Geller, 31 N.J. 270 (1960), to be dispositive.
In Krauth the court held that a landowner or occupier is not liable to a paid fireman for negligence in causing the fire in which the fireman is injured. 31 N.J. at 273. The Court reasoned that by virtue of a fireman's duties he must be deemed to assume the risks inherent in fire fighting, which risks are intended to be insured against by workers' compensation and by regular salary from public funds, instead of by resort to private litigation. Id. at 273-274. The Krauth rule has been consistently followed. It appears to represent the prevailing view in other jurisdictions. Caroff v. Liberty Lumber Co., 146 N.J. Super. 353, 359 (App. Div. 1977), certif. den. 74 N.J. 266 (1977); Walsh v. Madison Park Properties, Ltd., 102 N.J. Super. 134, 138 (App. Div. 1968); Jackson v. Velveray Corp., 82 N.J. Super. 469, 474-475 (App. Div. 1964). See Annotation, "Duty and liability of owner or occupant of premises to fireman or policeman coming thereon in discharge of his duty," 86 A.L.R.2d 1205 (1962).
On appeal plaintiffs first urge us to reject or modify the fireman's rule on the ground that it operates to deny firemen equal protection of the law. This constitutional theory was neither pleaded nor argued below, a fact that plaintiffs have failed to indicate, as mandated by R. 2:6-2(a). Thus we *432 need not consider it, and, having concluded that the public interest is not substantially implicated, we decline to do so. Deerfield Estates, Inc. v. East Brunswick Tp., 60 N.J. 115, 120 (1972); Steward v. Magnolia, 134 N.J. Super. 312, 316 (App. Div. 1975), certif. den. 68 N.J. 481 (1975).
Plaintiffs argue that, even if the fireman's rule is valid, the instant case falls within the exceptions recognized in Krauth. There the court noted that the general rule barring recovery is not absolute. If the landowner's negligence relates "to conditions creating undue risks of injury beyond those inevitably involved in fire fighting," an injured fireman may recover. 31 N.J. at 274. The exception is limited to risks unrelated to the initial cause of the fire, such as the storage of dangerous substances which explode during the fire, the failure to guard an open elevator shaft or the failure to maintain unobstructed means of access. Id. at 274-275. In Jackson, supra, we said that the exception "is not concerned with how the fire began or spread before the firemen arrived, but rather whether, after they arrived and undertook to fight the fire, they were subject to risks not inevitable or inherent in fighting the fire of that kind and extent." 82 N.J. Super. at 479.
In the instant case the cause of the injuries  smoke inhalation  was a risk common to fire fighting. Walsh, supra, 102 N.J. Super. at 138-139; Jackson, supra, 82 N.J. Super. at 475. Defendants' negligence, which was assumed by the trial court for the purposes of the summary judgment motion, went to the cause of the fire, not to some condition of the premises unrelated to the fire.
Plaintiffs further attempt to fit within a second exception which they claim was acknowledged by the Krauth court: recovery may be had where the negligence rose to the level of wantonness. We disagree that any such exception was recognized in Krauth. Indeed, the court expressly declined to decide whether wantonness was an exception, citing the absence of evidence of such conduct in that case. 31 N.J. at 277. Moreover, it implied that the wantonness exception *433 was not tenable: "In the context of the policy considerations which underlie the rule of non-liability for negligence with respect to the origination of a fire, it is debatable whether degrees of culpability are at all pertinent." Ibid. Absent intentional, malicious conduct, therefore, we conclude that wanton conduct with respect to the cause of a fire would not require waiver of the general rule. In any case, the trial judge herein found that no wantonness was inferable even from the most favorable view of plaintiffs' case.
Next, plaintiff Chormanski argues that, because her husband was a volunteer fireman, the Krauth rule does not bar recovery for his death. It is true that the rule is usually stated in terms of a "paid" fireman. Krauth, supra, 31 N.J. at 273; Jackson, supra, 82 N.J. Super. at 473. No case discusses why the rule should be so limited. We see no reason to make liability turn upon whether the fireman is full-time or only a volunteer. The policy behind the rule is to acknowledge the nature of a fireman's duties as determining the scope of risks which he must be deemed to have assumed. A trained fireman faces the same dangers and must be deemed to assume the same risks whether he is a volunteer or salaried. Moreover, volunteer firemen are expressly covered by the workers' compensation law. N.J.S.A. 34:15-43; 34:15-74. Recall that the availability of workers' compensation was mentioned in Krauth as a basis for precluding civil liability. 31 N.J. at 274.
Plaintiffs further assert that defendant Romano Plumbing is liable for the negligence of defendant Combustion Sales. Implicit in this argument is that the fireman's rule bars recovery only as to landowners and occupiers, not as to other negligent parties. It is true that in New Jersey the rule has generally been stated as defining a landowner's or occupier's liability. Krauth, supra, 31 N.J. at 273: Caroff, supra, 146 N.J. Super. at 359; Walsh, supra, 102 N.J. Super. at 138. But none of the New Jersey cases has addressed the question of a third party's liability. In other jurisdictions, however, the rule has not been limited to *434 landowners or occupiers. Grable v. Varela, 115 Ariz. 222, 564 P.2d 911, 912 (Ct. App. 1977); Scott v. E.L. Yeager Constr. Co., 12 Cal. App.3d 1190, 91 Cal. Rptr. 232, 235 (D. Ct. App. 1970).
In our view the rule should not be restricted to landowners and occupiers. If a landowner has no liability, one with even less control over the premises should not be charged with any greater duty. The owner has a better opportunity to detect dangerous conditions than does one who comes onto the land for a limited purpose. If that third party negligently creates a fire-causing hazard, he may be liable to the owner. But he should be immune as to an injured fireman.
Finally, plaintiffs argue that defendants Romano Plumbing and Combustion Sales breached the N.J.S.A. 12A:2-314 warranty of merchantability in providing a defective fitting while repairing the oil burner, and also that they are strictly liable in tort for putting the defective device into the stream of commerce. We also decline to consider this point. It was neither pleaded below nor tried by consent. Plaintiffs improperly include in their appendix an amended complaint without informing us that the trial court denied their motion to permit the amendment.
Affirmed.