PER CURIAM.
Plaintiff-taxpayer GATX Terminals Corporation appeals from a decision of the Tax Court which affirmed the determination of the Director of the Division of Taxation that plaintiff was liable under the Corporate Business Tax Act, N.J.S.A. 54:10A-1, et seq., for a deficiency for the 1976 tax year.
In issue are N.J.S.A. 54:10A-4(d)(5),[1] which, for the tax year in question, required inclusion in the calculation of net worth of “the amount of all indebtedness owing directly or indirectly to holders of 10% or more” of the corporation stock, and its companion provision, N.J.S.A. 54:10A-4(k)(2)(E), which prohibits *662 exclusion from the calculation of net income of 90% of the interest paid on such indebtedness. The taxpayer challenged both the constitutionality of these provisions and their application to it by the Director.
 We affirm the judgment appealed from substantially for the reasons 'expressed by Judge Hopkins in his opinion reported at 5 N.J.Tax 90 (Tax Ct.1982). We further note that pending this appeal, the Supreme Court filed its opinions in Fedders Financial Corp. v. Taxation Div. Dir., 96 N.J. 376, 476 A.2d 741 (1984), and Mobay Chemical Corp. v. Taxation Div. Dir., 96 N.J. 407, 476 A.2d 758 (1984). We read these opinions as confirming the validity of the provisions challenged here so long as the indebtedness in question is owed by the taxpayer to its parent rather than to an affiliate with whom it shares common ownership. The relationship of the creditor to the taxpayer here is clearly that of parent and wholly-owned subsidiary.
 On appeal the taxpayer raises an issue not raised in the Tax Court, namely, the contention that the portion of the intercorporate debt predating the 1975 corporate reorganization should have been excluded from the deficiency calculation. That contention comes too late. See, e.g., Ferraro v. Demetrakis, 167 N.J.Super. 429, 400 A.2d 1227 (App.Div.1979), certif. den. 81 N.J. 290, 405 A.2d 834 (1979); State v. Souss, 65 N.J. 453, 323 A.2d 484 (1974); Nieder v. Royal Indemnity Ins. Co., 62 N.J. 229, 300 A.2d 142 (1973). Nonetheless, we are not persuaded that the contention has any merit.
There is one final matter we must address. After filing of its notice of appeal, the taxpayer moved in the Tax Court for vacation of the judgment, claiming error in the Director’s deficiency calculation. Its theory was that it was entitled for the tax year in question to have its net income reduced by its allocable but unallocated share of general and administrative expenses paid by its parent. The motion was denied on jurisdictional grounds pursuant to R. 2:9-1 without apparent consideration of either its procedural viability or substantive validity. *663 The Director asks us to affirm the denial of the motion on its merits. He argues that the relief sought is actually a time-barred request for a refund. We are satisfied, however, that it would be inappropriate for us to exercise our original jurisdiction over this matter. We therefore remand to the Tax Court for its consideration of the post-judgment motion on its procedural and substantive merits.
The judgment affirming the deficiency determination is affirmed. We remand the taxpayer’s post-judgment motion for determination in the first instance by the Tax Court. We do not retain jurisdiction.

 This provision was deleted by L. 1982, c. 55, § 1, effective as of July 1, 1984.