236 N.J. Super. 1 (1989)
563 A.2d 1139
ANDREW G. ZWERNEMANN, PLAINTIFF-RESPONDENT,
v.
JANICE KENNY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 10, 1989.
Decided May 12, 1989.
*2 Before Judges SHEBELL, GRUCCIO and LANDAU.
Melinda Lowell argued the cause for appellant.
Joseph P. Skripek argued the cause for respondent (Barbaris & Skripek, attorneys).
Peter N. Peretti, Jr., Attorney General, pursuant to motion for leave to intervene, filed a letter brief (Christine Piatek, Deputy Attorney General, on the letter brief).
Michael L. Oddenino, General Counsel, filed an amicus curiae brief for the National Council For Children's Rights.
PER CURIAM.
This is an appeal by defendant-appellant Janice Kenny from an order of the Chancery Division, Family Part, Bergen County, which: (1) denied the motion of plaintiff-respondent Andrew G. Zwernemann (Zwernemann) for sole custody of their minor *3 child Andrew D. Zwernemann (Andrew); (2) granted the parties joint custody of Andrew, with residential custody awarded to Kenny; (3) granted Zwernemann's motion under N.J.S.A. 9:2-2 to enjoin removal of Andrew from New Jersey; (4) denied Kenny's motion to remove Andrew to Florida; and (5) ordered that temporary custody of Andrew be granted to Zwernemann in the event Kenny does relocate.
At the time of the hearing there was no existing order regarding custody. Andrew attended school from his mother's residence. Although there were some areas of factual dispute as to the extent, duration and quality of time Andrew spent with his father, the trial judge recognized that they spent meaningful time together in the middle of the week as well as on weekends, and that Zwernemann was actively involved in Andrew's "extra-curricular" activities such as cub scouts and sports. He also found that Andrew resided with his father three nights, at a minimum, to as much as seven nights every two weeks.
Kenny asserts on appeal that she should have been deemed the person with actual physical custody of Andrew, and that there was no basis for entry of an order of joint custody or for precluding her move to Florida with the child. She further asserts that N.J.S.A. 9:2-2[1] is unconstitutional, both facially and as applied.
*4 As to the latter issue, our review of the record does not disclose that a constitutional issue was raised below in the pleadings or in the arguments made to the trial judge. The motion and arguments of counsel do not mention a constitutional claim, nor does the opinion of the trial judge address any constitutional issues as would normally be done, if raised. The Kenny brief, however, does not indicate that the constitutional point was not presented below, as mandated by rule. R. 2:6-2(a)(1). See also Ferraro v. Demetrikis, 167 N.J. Super. 429, 431-432 (App.Div. 1979), certif. den. 81 N.J. 290 (1979).
We have reviewed carefully the transcripts and record in this case recognizing that decisions on questions of custody and geographical removal of children are particularly fact-sensitive. In light of our review, and analysis of the briefs and arguments of the parties, as well as those of the intervenor Attorney General of New Jersey and amicus curiae National Council for Children's Rights, we conclude that the judgment of the trial court was based on findings of fact which to the extent material, are adequately supported by evidence and the record. R. 2:11-3(e)(1)(A); see Holder v. Polanski, 111 N.J. 344 (1988); Murnane v. Murnane 229 N.J. Super. 520 (App.Div. 1989). Accordingly we affirm substantially for the reasons expressed by Judge Kahn in his written opinion of September 15, 1988. We add that the trial judge displayed awareness of and sensitivity to the factors set forth in Holder and in Cooper v. Cooper, 99 N.J. 42 (1984), as modified by Holder, 111 N.J. at 349, and made his findings respecting Andrew's best interests accordingly.
As to the constitutional issues raised, we note that the order does not bar Kenny from traveling, but imposes legal consequences upon that right. See Murnane, 229 N.J. Super. at 528. The order balances and protects interests of Andrew no less than it does those of Kenny and Zwernemann. See Franz v. United States, 707 F.2d 582, 595, 599 (D.C. Cir.1983). Our *5 Supreme Court has stated that "the focus of the `cause' requirement [in N.J.S.A. 9:2-2] should not be on the benefits that will accrue to the custodial parent but on the best interests of the children and on the preservation of their relationship with the noncustodial parent." Holder, 111 N.J. at 352. Here, the trial judge recognized that there had been, so to speak, a de facto joint custody arrangement and that Andrew's relationship with his father over a five-year period transcended routine visitation both as to quality and quantity, to a degree that his best interests could not be protected by merely granting extended visitation during vacations and holidays.
We disagree with the Attorney General's contention that the Holder court effectively upheld the constitutionality of N.J.S.A. 9:2-2, as it declined to address that issue. Holder, 111 N.J. at 352. Andrew's rights, however, are at least as worthy of constitutional protection as those of his mother or father. Franz, 707 F.2d at 599. As the "cause" requirement has been interpreted in Holder to focus primarily on those rights, and the State has a strong parens patriae concern in promoting the welfare and best interests of its children, In re P, and wife, 114 N.J. Super. 584, 591 (App.Div. 1971), we hold that N.J.S.A. 9:2-2 is facially constitutional as interpreted in Holder, and as applied in this case.
Affirmed.
NOTES
[1] N.J.S.A. 9:2-2 provides:

When the Superior Court has jurisdiction over the custody and maintenance of the minor children of parents divorced, separated or living separate, and such children are natives of this State, or have resided five years within its limits, they shall not be removed out of its jurisdiction against their own consent, if of suitable age to signify the same, nor while under that age without the consent of both parents, unless the court, upon cause shown, shall otherwise order. The court, upon application of any person in behalf of such minors, may require such security and issue such writs and processes as shall be deemed proper to effect the purposes of this section.