258 N.J. Super. 431 (1992)
609 A.2d 1316
THOMAS VOGEL AND LOUISE VOGEL, PLAINTIFFS-APPELLANTS,
v.
LYNETTE M. SKOBO AND RICHARD SKOBO, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued July 14, 1992.
Decided July 28, 1992.
*432 Before Judges HAVEY and STERN.
Louis David Balk argued the cause for appellants (Balk, Oxfeld, Mandell & Cohen, attorneys; Louis David Balk on the brief).
Lawrence D. Lally argued the cause for respondents (Montano, Summers, Mullen, Manuel, Owens & Gregorio, attorneys; Lawrence D. Lally, of counsel and on the brief).
Zazzali, Zazzali, Fagella & Nowak, attorneys for Amicus Curiae New Jersey State Policemen's Benevolent Association (Kenneth I. Nowak, on the brief).
The opinion of the Court was delivered by HAVEY, J.A.D.
Plaintiffs appeal from an order for summary judgment dismissing their personal injury action against defendants. Plaintiff Thomas Vogel, a police officer, was struck by a vehicle operated by defendant Lynette M. Skobo while he was chasing a speeding motorcycle.[1] In granting summary judgment, the trial judge concluded that the "fireman's rule" barred recovery *433 because plaintiff, as a police officer, had assumed the risks inherent in the high-speed chase. We disagree. We hold that defendant's negligence was an independent and intervening act which is not insulated by the "fireman's rule." We therefore reverse and remand for further proceedings.
Plaintiff is a Stafford Township police officer. While on duty monitoring a radar detection device, he observed a motorcycle exceeding the speed limit. He thereupon engaged his emergency lights and siren on his motorcycle and pursued the speeding motorcycle in a westerly direction on Jane Drive in Stafford Township. Just as plaintiff was passing defendant's vehicle, which was also proceeding westerly on Jane Drive, defendant made a quick left turn and struck plaintiff's motorcycle. Plaintiff sustained multiple injuries as a result of the collision.
In Krauth v. Israel Geller & Buckingham Homes, Inc., 31 N.J. 270, 273-74, 157 A.2d 129 (1960), our Supreme Court adopted the "fireman's rule" which holds that because a firefighter's business is to deal with hazards incident to fighting fires, he "cannot complain of negligence in the creation of the very occasion for his engagement." The rule was extended to police officers in Berko v. Freda, 93 N.J. 81, 459 A.2d 663 (1983). The underlying policy of the fireman's rule is that the firefighter or police officer assumes the risk attendant to the performance of his or her public duty "for which he [or she] is trained and paid." Krauth, 31 N.J. at 274, 157 A.2d 129. The rationale of the rule is that there is no duty owed to the officer because he or she assumes the risks attendant to the officer's duties. Thus, "in the final analysis the policy decision is that it would be too burdensome to charge all who carelessly cause or fail to prevent fires with the injuries suffered by the expert retained with public funds to deal with those inevitable, although negligently created, occurrences." Id. Moreover, there is "more than mere dollars-and-cents considerations underpinning the fundamental justice of the `fireman's rule.'" Berko, 93 N.J. at 88, 459 A.2d 663. A citizen should not be exposed to *434 the risk of a civil judgment against him or her "for negligent acts that occasion the presence of a firefighter at the scene of a carelessly-set fire or of a police officer at a disturbance or unlawful incident resulting from negligent conduct." Id. at 88-89, 459 A.2d 663.
Our Supreme Court recently extended the fireman's rule in Rosa v. Dunkin' Donuts of Passaic, 122 N.J. 66, 583 A.2d 1129 (1991). There, a policeman responded to an emergency medical assistance call from a Dunkin' Donuts store. Id. at 69, 583 A.2d 1129. While carrying an unconscious employee to a police ambulance, plaintiff slipped on a white powdery substance on the kitchen floor. The Court held that the policies and goals of the fireman's rule that bar a public safety officer from recovering for injuries caused by ordinary acts of negligence that occasioned the officer's presence on the premises, are "equally applicable to bar liability for injuries that arise from an act of ordinary negligence posing a hazard that is incidental to and inherent in the performance of the officer's duties." Id. at 76, 583 A.2d 1129.
Citing the above-quoted language in Rosa, the trial judge here found that the fireman's rule "is geared to this type of situation" because it is "foreseeable that this event would occur. It is within the realm and risk that is inherent when an officer takes pursuit" of a speeding vehicle. The trial judge reasoned:
The Court believes that this situation is not any different from the ordinary negligence that was found by the officer at the location at the Dunkin' Donuts as discussed in Rosa. He is not off duty. He is not in any way on normal police patrol. If that were the case, he wouldn't be passing on the left and passing the line of motor vehicles in the fashion that's been described and submitted here as the factual scenario.
There is an absolute relationship between the injury and the cause of this injury and the officer's duty. There is nothing subsequent about the action of Mrs. Skobo. It is part and parcel of the response and the pursuit of the fleeing felon. It's not after and it's not before. It's occurring while the pursuit is ongoing.
In our view, the trial judge's expansive reading of Rosa ignores the well-settled corollary to the fireman's rule that *435 "independent and intervening negligent acts that injure the safety officer on duty are not insulated." Wietecha v. Guy Peoronard, Chr Bjelland & Co., Inc., 102 N.J. 591, 595, 510 A.2d 19 (1986); see also McCarthy v. Ehrens, 212 N.J. Super. 249, 255-56, 514 A.2d 864 (Law Div. 1986). The genesis of this corollary is found in Krauth, where the Court cited "appreciable authority" for the proposition that liability will be imposed "with respect to conditions creating undue risks of injury beyond those inevitably involved in fire fighting." 31 N.J. at 274, 157 A.2d 129. The Court in Berko also recognized the rule when it stated that "[c]ase law draws a distinction between injuries stemming from the negligence that brought the firefighters or police to the scene in the first place and injuries suffered from independent causes that may follow." 93 N.J. at 85, 459 A.2d 663 (emphasis added); see also Knoetig v. Hernandez Realty Co., Inc., 255 N.J. Super. 34, 604 A.2d 619 (App.Div. 1992) (fireman's rule as extended by Rosa not applicable where firefighter slips and falls on public right-of-way in response to emergency at industrial complex); W. Keeton, D. Dobbs, R. Keeton & D. Owen, Prosser & Keeton on The Law of Torts § 61 at 431 (5th ed. 1984) (the fireman's rule "will not shield a defendant from liability for independent acts of misconduct which otherwise cause the injury").
We do not read Rosa as intending to disturb this well-settled corollary. Rosa carefully crafted an extension of the fireman's rule to avoid the "artificial distinctions" between the negligence that occasioned the presence of the public safety officer at the premises where he or she is injured and "the negligence defining the scene at which [the officer] arrives[.]" 122 N.J. at 74, 583 A.2d 1129. Its "assumption of risk" analysis thus focuses on the inherent nature of the risk encountered at the scene to which the officer has been dispatched. In other words, extension of the fireman's rule to the facts in Rosa was "good sense and good policy," id. at 73, 583 A.2d 1129, because, from an assumption of risk standpoint, the dangerous condition that caused plaintiff's injury at the scene of the emergency was *436 inseparable from the act which occasioned the officer's presence. Nothing in Rosa even suggests that the fireman's rule bars recovery for independent and intervening negligent acts causing injury to the responding officer on his or her way to the scene of the emergency. In short, the trial judge's reading of Rosa would essentially swallow up the corollary that independent and intervening negligent acts that injure the safety officer on duty are not insulated by the fireman's rule.
Here, plaintiff's cause of action is not barred by the fireman's rule because he was injured by an independent and intervening act: defendant's negligent operation of her vehicle. The sound public policy of the fireman's rule, which frees a citizen from fear of calling for assistance in emergencies, see Berko, 93 N.J. at 88, 459 A.2d 663, does not apply since defendant's conduct did not initiate the high-speed chase. Rosa is inapplicable since plaintiff was not injured as a result of a dangerous condition at the scene of an emergency to which he had been dispatched in the performance of his duties. In terms of "assumption of risk," we deem defendant's intervening and independent act of negligence as creating "undue risks of injury beyond those inevitably involved" in the performance of the police officer's duties. Krauth, 31 N.J. at 274, 157 A.2d 129.
Wietecha is supportive of our holding. There two patrolmen investigating a multi-car accident were injured as a result of subsequent collisions involving passing vehicles. Without extensive discussion, the Court held that the corollary to the fireman's rule allowed recovery against the operators of the vehicles whose independent negligence occurred after the patrolmen arrived at the scene of the accident, but not against the operators of the vehicles whose negligence occasioned their presence. 102 N.J. at 595, 510 A.2d 19. In our view, there is no conceptual difference between the "independent and intervening" negligent act that injures the safety officer while at the scene of an accident, as in Wietecha, and the "independent and intervening" negligent act that injures the officer while pursuing a speeding vehicle. Barring the officer from asserting *437 a cause of action simply because he or she had not yet reached the "scene" where the speeding vehicle was stopped "would promote none of the public policy concerns underlying the fireman's rule, would serve no jurisprudential imperative and would produce an arbitrarily unfair result." Knoetig, 255 N.J. Super. at 44-45, 604 A.2d 619.
Reversed and remanded for further proceedings.
NOTES
[1] Plaintiff Louise Vogel, Thomas' wife, asserts a per quod claim.