764 A.2d 1031 (2001)
Michael KELLY, Plaintiff-Appellant,
v.
Thomas J. ELY, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued November 13, 2000.
Decided January 19, 2001.
William W. Graham, Manasquan, argued the cause for appellant (Carey & Graham, attorneys; Mr. Graham, of counsel and on the brief).
Stephen J. Foley, Jr., Asbury Park, argued the cause for respondent (Campbell, Foley, Lee, Murphy & Cernigliaro, attorneys; Dennis R. O'Brien, on the brief).
Before Judges WEFING and CUFF.
The opinion of the court was delivered by WEFING, J.A.D.
In 1960, the New Jersey Supreme Court adopted the fireman's rule in New Jersey, barring a firefighter from recovering damages in a tort action against a property owner for injuries received while battling that fire. Krauth v. Geller, 31 N.J. 270, 157 A.2d 129 (1960). Writing for the court, Chief Justice Weintraub held that "the owner or occupier [of a premises] is not liable to a paid fireman for negligence *1032 with respect to the creation of a fire." Krauth, supra, 31 N.J. at 273, 157 A.2d 129.
In 1994, the Legislature passed N.J.S.A. 2A:62A-21 which purports to abrogate the rule by permitting a firefighter injured "directly or indirectly [as] the result of the neglect, willful omission, or willful or culpable conduct or any person or entity ... [to] seek recovery and damages from the person or entity whose neglect, willful omission, or willful or culpable conduct resulted in that injury." The present case calls for us to consider the extent of a landowner's liability under this statute to a firefighter injured on the premises.
The underlying facts are undisputed. Accordingly the matter was presented to the trial court on defendant's motion for summary judgment. Plaintiff appeals from the trial court's order granting that motion; we now affirm.
Plaintiff is a volunteer fireman in Spring Lake Heights, New Jersey. On July 20, 1995, he responded to a report of a fire at defendant's home at 30 Apple Drive; defendant had been attempting to ignite his outdoor gas grill and the propane tank became engulfed in flames. Plaintiff described the incident in the following manner: "I carry all of my own gear in my truck. I had my gear on. I was running towards the fire scene. I was putting my jacket on, and called to another fire fighter and tripped over the curb." After the fire was extinguished, plaintiff learned he had fractured his elbow and wrist in his fall.
There was no evidence that plaintiff's fall was in any way occasioned by negligent maintenance of the curb upon which he tripped. Plaintiff did urge, however, that the fire itself was the result of defendant's negligence. He noted that a subsequent inspection of the grill disclosed a break in the hose between the tank and the grill. He also noted that the owner's manual for the grill stated that the hose should be inspected before each use. According to plaintiff, such an inspection would have revealed the existence of that break. Plaintiff contended defendant was negligent in attempting to light the grill without conducting such an inspection and, as a result, should be held responsible in damages for the injuries plaintiff sustained in his fall.
In Krauth v. Geller, supra, the Court explained the underlying rationale for the fireman's rule in the following terms:
Probably most fires are attributable to negligence, and in the final analysis the policy decision is that it would be too burdensome to charge all who carelessly cause or fail to prevent fires with the injuries suffered by the expert retained with public funds to deal with those inevitable, although negligently created, occurrences.
[Krauth v. Geller, supra, 31 N.J. at 274, 157 A.2d 129.]
The Court in Krauth spoke in terms of paid firemen. This court subsequently extended the rule to volunteer firemen in Ferraro v. Demetrakis, 167 N.J.Super. 429, 400 A.2d 1227 (App.Div.), certif. denied, 81 N.J. 290, 405 A.2d 834 (1979). Several years thereafter, the Supreme Court further extended the rule to encompass police officers. Berko v. Freda, 93 N.J. 81, 459 A.2d 663 (1983). In the course of its opinion in that case, the Court again recognized the policy underlying the rule.
We perceive more than mere dollars-and-cents considerations underpinning the fundamental justice of the "fireman's rule." There is at work here a public policy component that strongly opposes the notion that an act of ordinary negligence should expose the actor to liability for injuries sustained in the course of a public servant's performance of necessary, albeit hazardous, public duties. In the absence of a legislative expression of contrary policy, a citizen should not have to run the risk of a civil judgment against him for negligent acts that occasion the presence of a firefighter at the *1033 scene of a carelessly-set fire or of a police officer at a disturbance or unlawful incident resulting from negligent conduct.
[Berko v. Freda, supra, 93 N.J. at 88-89, 459 A.2d 663.]
The Court yet again extended the scope of the rule in Rosa v. Dunkin' Donuts, 122 N.J. 66, 583 A.2d 1129 (1991) when it concluded that the rule precluded a police officer, who was injured when he slipped on an allegedly negligently maintained floor while carrying an injured person from the scene, from recovering for his injuries.
In an apparent attempt to shield injured innocent parties from some of the rule's potentially adverse consequences, some courts have refused to extend it beyond fire fighters and police officers. Lees v. Lobosco, 265 N.J.Super. 95, 625 A.2d 573 (App.Div.1993), certif. denied, 136 N.J. 29, 641 A.2d 1040 (1994) (holding that it did not bar a suit by an emergency medical technician who slipped on snow and ice); Kiernan v. Miller, 259 N.J.Super. 320, 612 A.2d 1344 (Law Div.1992) (holding it did not apply to a volunteer ambulance attendant); see contra, Siligato v. Hiles, 236 N.J.Super. 64, 563 A.2d 1172 (Law Div. 1989) (extending the rule to volunteer emergency rescue squad members). Other courts have developed various exceptions to the rule. Boyer v. Anchor Disposal, 135 N.J. 86, 638 A.2d 135 (1994) (rule did not bar recovery for fire inspector who, while at a shopping mall to look for fire code violations, slipped and fell on a large oily spot on a driveway); Mahoney v. Carus Chemical Co., 102 N.J. 564, 510 A.2d 4 (1986) (rule inapplicable when willful and wanton misconduct creates the hazard that causes the injuries); McGriff v. Newark Housing Authority, 259 N.J.Super. 407, 613 A.2d 1172 (App.Div.), certif. denied, 133 N.J. 429, 627 A.2d 1135 (1992) (rule did not bar suit by police officer who slipped and fell on ice while walking to his car to retrieve his summons book because plaintiff was exposed to no greater risk of harm than anyone else walking through the parking lot); Vogel v. Skobo, 258 N.J.Super. 431, 609 A.2d 1316 (App.Div.), certif. denied, 130 N.J. 599, 617 A.2d 1222 (1992) (police officer pursuing a speeding motorcycle not covered by the rule when his injuries were the result of an independent and intervening act of negligence); Knoetig v. Hernandez Realty Co., 255 N.J.Super. 34, 604 A.2d 619 (App.Div.), certif. denied, 130 N.J. 394, 614 A.2d 617 (1992) (fireman who slipped and fell on accumulated ice and snow on public sidewalk in front of commercial premises while in the course of responding to an alarm not barred by the rule).
The fireman's rule exists in one form or another in many jurisdictions. Joseph Scholz, Rosa v. Dunkin' Donuts: The Fireman's Rule Revisited, 44 Rutgers L.Rev. 405, 407. The rule itself is basically rooted in a public policy judgment. Krauth v. Geller, supra, 31 N.J. at 274, 157 A.2d 129; Dobbs, The Law of Torts, 770-72; Lindahl, Modern Tort Law, § 39.13.
It has, however, come under criticism (see, e.g., Justice Handler's dissent in Rosa, supra, 122 N.J. at 82-86, 583 A.2d 1129) and some states have abandoned the law or limited its scope. Comment, Where There's Smoke, There's the Firefighter's Rule: Containing the Conflagration After One Hundred Years, 1992 Wis. L.Rev. 2031, 2032 n. 7; Mich. St. 600.2967; McKinney's General Municipal Law § 205-a; McKinney's General Obligations Law § 11-106; Virginia St. § 2.1-116.9:4.
Three years after Rosa, supra, the Legislature passed the statute in question. Plaintiff argues that the statute abrogated the fireman's rule in its entirety and thus that the trial court erred in granting defendant's motion for summary judgment. Defendant, not surprisingly, does not concur.
Research has not disclosed a reported New Jersey case analyzing the statute. Examination of the legislative history *1034 sheds no particular light on the statute's intended scope. Shortly after its passage, however, the Supreme Court did have occasion to note the legislative action. Boyer v. Anchor Disposal, supra. We recognize that the Court in that case began its opinion with the observation that "Because the Legislature has, in effect, abolished the firefighters' rule in New Jersey ... this case is probably the last in which this Court will consider an application of the rule." Boyer v. Anchor Disposal, supra, 135 N.J. at 87-88, 638 A.2d 135. We are satisfied, however, that such a statement cannot be interpreted as an authoritative holding that New Jersey had statutorily rejected all aspects of the fireman's rule, for the question confronting us was never presented to the Boyer Court for its consideration.
We thus turn to the statute itself for guidance. The statute affords a right of recovery to a firefighter who "suffers any injury ... while in the lawful discharge of his official duties and that injury... is directly or indirectly the result of the neglect ... of any person[; such firefighter] may seek recovery ... from the person ... whose neglect ... resulted in that injury." Plaintiff maintains that his claim against defendant should be submitted to the jury for determination, utilizing the traditional tort test of proximate cause.
We disagree, in the particular factual complex presented to us. The act of negligence to which plaintiff points relates to the outbreak of the fire itself, rather than to a condition of the premises encountered while responding to the fire. If plaintiff were alleging that his trip and fall were occasioned by defendant's negligent maintenance, we would agree that he would be entitled to proceed to a jury.
We have grave doubts, however, that the Legislature did, indeed, intend that a fireman injured while responding to a fire could seek damages for injuries received while in the course of responding to a fire simply because the fire itself was the product of negligence. Fires may result from many causes, including negligence, arson, or acts of nature such as lightening. The great majority are, most likely, related to negligence in some manner. Krauth v. Geller, supra, 31 N.J. at 273, 157 A.2d 129. According to the National Fire Data Center, of the 1.8 million fires reported in 1999, only 72,000 were classified as incendiary or suspicious. The National Fire Protection Association analyzed statistics from 1993 through 1997 and concluded that the leading cause of home fires and home fire injuries is cooking. Were we to adopt plaintiff's position, the scope of potential liability would be virtually unlimited.
Fire, moreover, poses a risk, not only to the responding firefighter and the owner and occupants of the burning premises, but to the surrounding properties and neighbors as well. We consider it highly unlikely that the Legislature would have intended to enlarge the scope of a property owner's liability in the manner plaintiff urges; we cannot ignore the potential consequence of encouraging an owner to delay summoning aid out of fear of incurring liability to a responding firefighter. Such delays can not only increase the risk when the firefighter finally arrives, they can also increase the risk to neighbors who are wholly without fault. Neither can we ignore that defendant is an individual homeowner and thus not able to pass on the likely higher cost of insurance. Principles of risk-distribution utilized in other contexts are thus inapplicable here. See, e.g., Brown v. St. Venantius School, 111 N.J. 325, 331, 544 A.2d 842 (1988). We decline to construe the statute in such a manner, absent a clearer declaration of the legislative intent to achieve such an end.
In our view, the statute was intended to restore the law to its pre-Rosa state and afford protection to a firefighter injured as a result of negligence unrelated to and independent of, the onset of the fire. It was not intended to make a homeowner responsible for a firefighter's injuries *1035 when the only negligence present related to the start of the fire itself.
We thus affirm the trial court's grant of summary judgment to defendant.