861 A.2d 243

WALTER D. SEVERNS, PLAINTIFF, v. CONCORD CHEMICAL CO., INC., DEFENDANT.

ROBERT PERKINS, PLAINTIFF, v. CONCORD CHEMICAL CO., INC., DEFENDANT.

Superior Court of New Jersey
Law Division Camden County

Decided March 19, 2004.

*Jordan B. Goldberg,* attorney for plaintiff.

*Mark L. Freed,* attorney for defendant.

FRATTO, J.S.C.

These cases involve the conflict which arises when a trial judge is called upon to apply the law as enacted by the Legislature where it appears to conflict with an interpretation of the Appellate Division.

These companion cases come before the court on motions to dismiss the complaint as to each plaintiff, based upon the "Fireman's Rule."

Plaintiffs first argue that defendant's motion is in the nature of summary judgment and should not be heard at this time, pending further discovery. Defendant's motion is properly brought under *R.* 4:6–2(e), failure to state a claim upon which relief can be granted. That rule further provides that if matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided by *R.* 4:46.

Giving plaintiffs the benefit of all inferences reasonably drawn from the complaints, it is not necessary that the parties be subject to further discovery. The court's decision is predicated upon plaintiffs' ability to establish the facts as alleged in the complaint, namely, that plaintiffs, while in the course of their duties as police officers, were summoned to defendant's plant or its environs, that defendant was negligent in causing a malfunction which resulted in toxic fumes escaping into the atmosphere and that plaintiffs sustained injuries from said toxic fumes.

These actions arise out of an incident which occurred on January 31, 2002, at the Concord Chemical Facility in Camden. On that date, there was an alleged malfunction of equipment which resulted in the emission of chemical vapors into the neighborhood.

Both plaintiffs, in the course of their duties as police officers, were dispatched to the Concord Chemical Facility. Both plaintiffs allege that they were overcome by noxious odors from the chemical vapors and that they suffered symptoms from chemical exposure. Plaintiffs assert the following claims:

1. psychological injuries;

2. strict liability under the Spill Compensation and Control Act, *N.J.S.A.* 58:10–23.11 to –23.24;

3. damages as a result of violation of the Environmental Rights Act, *N.J.S.A.* 2A:35A–1 to –14;

4. damages under the Industrial Site Recovery Act, *N.J.S.A.* 13:1K–6 to –14;

5. strict liability damages under the Pollution and Obstruction of Waters Act, *N.J.S.A.* 23:5–28;

6. strict liability damages under the Air Pollution Control Act (1954), *N.J.S.A.* 26:2C–1 to –25.2; and

7. punitive damages.

Defendant contends that all of plaintiffs' claims are barred by the "Fireman's Rule".

Nothing in any of the legislation cited in paragraphs 2 through 6 above would give plaintiffs a right of action if the Fireman's Rule applies to these claims.

One of the early expressions of the Fireman's Rule is in *Krauth v. Geller*, 31 *N.J.* 270, 157 *A.*2d 129 (1960). The Court stated that the injury experienced by a fireman responding to a call when he fell from a balcony on which a railing had not yet been installed was well within the range of foreseeability. The Court went on to state, however, that liability is not co-extensive with foreseeability of harm and that the question is ultimately one of public policy. The Court repeated the basic rule that the occupier of a property is not liable to a fireman for the creation of a fire. It found no basis for a claim of wanton misconduct and affirmed the dismissal of the fireman's cause of action. In *Ferraro v. Demetrakis*, 167 *N.J.Super.* 429, 400 *A.*2d 1227 (App.Div.1979), the Appellate Division, in affirming a dismissal of the case, relied upon *Krauth* to hold that the cause of injuries, smoke inhalation, was a risk common to fighting fires and defendant's negligence, if any, went to the cause of the fire, not to some conditions of the premises unrelated to the fire.

In 1983, the Supreme Court in *Berko v. Freda*, 93 *N.J.* 81, 459 *A.*2d 663 (1983), applied the Fireman's Rule to police officers, holding that a police officer could not recover damages from the car owner, who invited theft by negligently leaving his keys in the car. The Court stated that an act of ordinary negligence should not expose the actor to liability for injuries sustained in the course of public servant's performance of necessary, albeit, hazardous public duties.

The Supreme Court expanded the Fireman's Rule in *Rosa v. Dunkin' Donuts*, 122 *N.J.* 66, 583 *A.*2d 1129 (1991), holding that a police officer who slipped and fell while responding to an emergency call was barred from recovery under the Fireman's Rule. The Court stated:

> [W]e find that the policies and goals that bar a firefighter and police officer from recovering for injuries sustained from an ordinary act of negligence that occasions

the officer's presence on the premises are equally applicable to bar liability for injuries that arise from an act of ordinary negligence, posing a hazard that is incidental to and inherent in the performance of the officer's duties.

[*Id.* at 76, 583 *A.*2d at 1134.]

The Court further held that the rule applies to injuries arising out of the officer's normal performance of his duties. Justice Handler, in dissent, said that the Court eliminated any causal connection between the negligence and the emergency and made the rule applicable only to work related—negligence. Some exceptions to the broad brush—stroke of *Rosa* appeared immediately.

In *Vogel v. Skobo,* 258 *N.J.Super.* 431, 609 *A.*2d 1316 (App.Div. 1992), a police officer who was struck by a negligent motorist while the officer was chasing a speeding car was not barred by the Fireman's Rule. The Appellate Division held that defendant's negligence was an independent and intervening act and is not insulated.

In 1995, the Legislature, in what appears to be a reaction to the *Rosa* case, enacted *N.J.S.A.* 2A:62A–21. The statute purports to establish a right of recovery for law enforcement officers, firefighters, etc., where there is neglect, willful omission or culpable conduct.

The statute reads, in part, as follows:

In addition to any other right of action or recovery otherwise available under law, whenever any law enforcement officer, [or] firefighter ... suffers any injury, disease or death, while in the lawful discharge of his official duties and that injury ... is directly or indirectly the result of the neglect, willful omission, or willful or culpable conduct of any person or entity, other than that law enforcement office, ... the member suffering that injury .... may seek recovery and damages from the person or entity whose neglect, willful omission or willful or culpable conduct resulted in that injury, disease or death.

On its face, the statute appears to have completely eliminated the Fireman's Rule and all aspects thereof.

Indeed, the Supreme Court in *Boyer v. Anchor Disposal,* 135 *N.J.* 86, 638 *A.*2d 135 (1994), a case which pre-dated the statute, says, in its opening paragraph: "Because the Legislature has, in

effect, abolished the Firefighter's Rule in New Jersey, this case is probably the last in which this Court will consider an application of the Rule."

No subsequent Supreme Court cases have been found. There is, however, an Appellate Division decision, *Kelly v. Ely*, 336 *N.J.Super.* 354, 764 *A.2d* 1031 (App.Div.), *certif. denied*, 167 *N.J.* 635, 772 *A.2d* 937 (2001) which held that the statute which purportedly abolished Fireman's Rule, *N.J.S.A.* 2A:62A–21, was intended only to afford protection to firefighters injured as a result of negligence unrelated to and independent of the onset of a fire.

In *Kelly*, the plaintiff tripped upon a curb while responding to a fire. The plaintiff argued that the defendant was negligent in allowing the fire to occur. Judge Wefing, quoting extensively from *Krauth* and *Rosa*, reasoned that the act of negligence to which the plaintiff pointed related to the outbreak of the fire itself, rather than to a condition of the premises encountered while responding to the fire. She then expressed doubt that the Legislature intended that a fireman injured while responding to a fire could seek damages for injuries received in a non-negligently maintained area of the premises, simply because the fire itself was the product of negligence.

The opinion concludes as follows:

> In our view, the statute was intended to restore the law to its pre-*Rosa* state and afford protection to a firefighter injured as a result of negligence unrelated to and independent of, the onset of the fire. It was not intended to make a homeowner responsible for a firefighter's injuries when the only negligence present related to the start of the fire itself.
>
> [*Id.* at 361, 764 *A.2d* at 1034–35.]

▄ Trial courts are bound by decisions of the Appellate Division and, of course, by decisions of the Supreme Court, that apply to the facts in the case under consideration.

▄ Given the language of the Supreme Court in *Boyer* and the most recent opinion of the Appellate Division in *Kelly*, the question for the court is whether or not the statement in *Boyer* that

"the Legislature has, in effect, abolished the Firefighter's Rule in New Jersey" is a determination by our highest court that New Jersey has statutorily rejected all aspects of the Fireman's Rule.

This question was addressed in *Kelly,* where it was held that the issue was never presented to the *Boyer* Court for its consideration. The *Kelly* court's determination is supported by the Supreme Court's denial of certification.

It is conceded for the purpose of this motion that the alleged negligence of defendant caused toxic fumes to escape and that such fumes caused injuries to plaintiffs. The scenario fits squarely under the facts of *Krauth*; *Ferraro*; *Berko,* and *Kelly,* all of which, except for *Kelly,* pre-dated the statute.

Plaintiff points to the decision of the United States Court of Appeals in *Roma v. United States,* 344 *F.*3d 352 (3d Cir.2003) which purported to interpret the statute in question.

The Circuit Court agreed with the judge in *Kelly* that the language in *Boyer* was dicta, but concluded that the *Kelly* decision was based on policy considerations alone, without reference to the language of the statute. The *Roma* court concluded that the language of *N.J.S.A.* 2A:62A–21 was plain and extremely broad and, in its view, "... leads inexorably to the conclusion that the New Jersey Legislature has abolished the Fireman's Rule" and that the language of the statute, in and of itself, is a persuasive indication that the Supreme Court of New Jersey would not follow *Kelly,* but would instead conclude that the Fireman's Rule no longer precludes tort claims by a firefighter against persons who negligently started the fire that injured him.

■ A trial court, faced with an appellate decision on all fours and a decision of the Third Circuit or any other federal court purporting to predict how the New Jersey Supreme Court would react, is bound by the holding of the Appellate Division, since decisions of our federal brethren, while they may be considered for their persuasiveness, are not binding on the trial court.

██ A trial court is, therefore, not permitted to interpret the statute anew, but is required to follow the law as enunciated by the appellate court where the case at hand is not distinguishable from the appellate decision.

Based on the Appellate Division's decision in *Kelly,* defendant's motion for dismissal in both cases will be granted.