897 A.2d 407 (2006)
385 N.J. Super. 382
Harry RUIZ and Sharon Ruiz, his wife, Plaintiffs-Appellants,
v.
Angel MERO (improperly pleaded as Angelo Mero), Silvana's Bar & Restaurant, Richard Rossi, and Richard Rossi Real Estate Corporation, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Submitted March 21, 2006.
Decided May 15, 2006.
*408 Einhorn, Harris, Ascher, Barbarito, Frost & Ironson, Denville, attorneys for appellants (Thomas F. Dorn, on the brief).
Sullivan and Graber, attorneys for respondents Angel Mero and Silvana's Bar & Restaurant (Gordon Graber, of counsel; Alphonse Bartell, on the brief).
Wilson, Elser, Moskowitz, Edelman & Dicker, Newark, attorneys for respondents Richard Rossi and Richard Rossi Real Estate Corporation (Brian W. McAlindin, of counsel; Jennifer L. Nasta, on the brief).
Before Judges COBURN, COLLESTER and LISA.
The opinion of the court was delivered by
COBURN, P.J.A.D.
Defendants obtained summary judgment in this personal injury negligence action, and plaintiffs appealed.
For purposes of their summary motions and this appeal, defendants concede the following facts. Harry Ruiz is a Dover police officer. On October 7, 2001, defendants owned, leased or operated the Baker Ballroom in Dover, where they were hosting a televised soccer match and serving alcoholic beverages. Approximately 200 patrons attended the affair. A fight broke out among the patrons in the ballroom and was continued outside. Ruiz, who was on duty, arrived to restore peace. While performing that official duty, he was attacked and severely injured by some of the patrons. Defendants were responsible for the incident because they failed to provide adequate security.
Resolution of this case turns on the status of a common law doctrine adopted by the Supreme Court in 1960. The doctrine, usually referred to as the "fireman's rule," bars a firefighter from recovering damages against a property owner for injuries received while battling a fire caused by the property owner's negligence. Krauth v. Geller, 31 N.J. 270, 157 A.2d 129 (1960). Justice Jacobs dissented without *409 filing an opinion. Subsequently, the Court applied the rule to police officers, with this explanation:
We perceive more than mere dollars-and-cents considerations underpinning the fundamental justice of the "fireman's rule." There is at work here a public policy component that strongly opposes the notion that an act of ordinary negligence should expose the actor to liability for injuries sustained in the course of a public servant's performance of necessary, albeit hazardous, public duties. In the absence of a legislative expression of contrary policy, a citizen should not have to run the risk of a civil judgment against him for negligent acts that occasion the presence of a firefighter at the scene of a carelessly-set fire or of a police officer at a disturbance or unlawful incident resulting from negligent conduct.

[Berko v. Freda, 93 N.J. 81, 88-89, 459 A.2d 663 (1983) (emphasis added).]
In Rosa v. Dunkin' Donuts, 122 N.J. 66, 583 A.2d 1129 (1991), the Court extended the scope of the rule, holding that a police officer who was injured when he slipped on a negligently maintained floor while carrying an injured person from the scene was precluded from suing the property owner. Justice Handler dissented from this extension and in the course of his dissent, sharply criticized the fireman's rule itself, ending with this observation: "I expect eventually to join the Court when, and if, the doctrine becomes barren or moribund." Id. at 86, 583 A.2d 1129.
Two years later the Legislature addressed the subject in N.J.S.A. 2A:62A-21:
In addition to any other right of action or recovery otherwise available under law, whenever any law enforcement officer, firefighter, or member of a duly incorporated first aid, emergency, ambulance or rescue squad association suffers any injury, disease or death while in the lawful discharge of his official duties and that injury, disease or death is directly or indirectly the result of the neglect, willful omission, or willful or culpable conduct of any person or entity, other than that law enforcement officer, firefighter or first aid, emergency, ambulance or rescue squad member's employer or co-employee, the law enforcement officer, firefighter, or first aid, emergency, ambulance or rescue squad member suffering that injury or disease, or, in the case of death, a representative of that law enforcement officer, firefighter or first aid, emergency, ambulance or rescue squad member's estate, may seek recovery and damages from the person or entity whose neglect, willful omission, or willful or culpable conduct resulted in that injury, disease or death.
[Emphasis added.]
This statute was proposed in Assembly, No. 1342. The Statement in the proposed bill summarized the language eventually adopted, and noted this:
Currently, the recovery rights of law enforcement officers, [and] firefighters. . . are limited to those rights and benefits authorized and available under the workers' compensation statutes.
The rights afforded under this bill are, however, limited in one respect. The provisions of the bill do not authorize [the injured person] or a representative of his estate to seek recovery or damages from [his] employer or any co-worker.
The question for resolution is what, if anything, remains of the fireman's rule after the enactment of this statute. When called on to interpret a statute, the "overriding goal has consistently been to determine the Legislature's intent." Young v. Schering Corp., 141 N.J. 16, 25, 660 A.2d *410 1153 (1995). When the language is clear, we generally rely on its plain meaning. O'Connell v. State, 171 N.J. 484, 488, 795 A.2d 857 (2002). But if "literal application of the language used would lead to results incompatible with the legislative design," we must "give effect to the obvious purpose of the Legislature. . . ." New Capitol Bar & Grill Corp. v. Div. of Employment Sec., 25 N.J. 155, 160, 135 A.2d 465 (1957).
In that circumstance, "`words used may be expanded or limited according to the manifest reason and obvious purpose of the law. The spirit of the legislative direction prevails over the literal sense of the terms.'" Ibid. (citations omitted). In other words, we must "try `to make sense out of the legislation, so far as the text and context may allow.'" City of Clifton v. Zweir, 36 N.J. 309, 323, 177 A.2d 545 (1962) (quoting Llewellyn, The Common Law Tradition: Deciding Appeals 529 (1960)). The solution does not result from "mechanically selecting and applying a canon or maxim of statutory construction and mouthing it as the reason for the result reached." Ibid. Rather, our decision must "turn `on the breadth of the objectives of the legislation and the common sense of the situation.'" Koester v. Hunterdon County Bd. of Taxation, 79 N.J. 381, 391, 399 A.2d 656 (1979) (quoting Jersey City Chapter of the Prop. Owner's Protective Assoc. v. City Council of Jersey City, 55 N.J. 86, 100, 259 A.2d 698 (1969)).
Here, the language is clear. The statute entitles police officers, firefighters, and certain others with similar professions to sue any person or entity, other than their employers or co-employees, if they are injured "while in the lawful discharge of . . . official duties" and the injury "is directly or indirectly the result of the neglect, willful omission, or willful or culpable conduct of any person or entity. . . ." N.J.S.A. 2A:62A-21.
We perceive no basis for inferring that this statute had any purpose other than to achieve the goal expressed by Justice Handler in his Rosa dissent: final interment of a doctrine that had become "barren or moribund." Rosa, supra, 122 N.J. at 86, 583 A.2d 1129. Indeed, after this statute was adopted, the Supreme Court in Boyer v. Anchor Disposal, 135 N.J. 86, 87-88, 638 A.2d 135 (1994), observed in dictum that "[b]ecause the Legislature has, in effect, abolished the firefighters' rule in New Jersey, L. 1993, c. 366 [N.J.S.A. 2A:62A-21 to -22], this case is probably the last in which this Court will consider an application of the rule."
Notwithstanding the Court's prediction in Boyer, it appears its involvement in this issue should continue. We make that observation because another panel of this court has reached a contrary conclusion respecting the reach of the statute. Kelly v. Ely, 336 N.J.Super. 354, 359-61, 764 A.2d 1031 (App.Div.2001), certif. denied, 167 N.J. 635, 772 A.2d 937 (2001), held that the statute only intended to change the extension of the fireman's rule adopted by the Court in Rosa and that it intended to leave in place the holdings in Krauth and Berko. Although Kelly did not explain in what respect the statute was unclear, it "decline[d] to construe the statute [as abrogating the fireman's rule entirely], absent a clearer declaration of the legislative intent to achieve such an end." Id. at 360-61, 764 A.2d 1031. And it rejected that reading on the public policy grounds expressed in Krauth and Berko, while recognizing Justice Handler's criticism of the rule in Rosa and the outright rejection of the rule elsewhere. Id. at 358-61, 764 A.2d 1031.
In Roma v. United States, 344 F.3d 352, 359-62 (3d Cir.2003), the court predicted that our State Supreme Court would not follow Kelly because the language of the *411 statute was clear and its purpose unmistakable and permitted the plaintiff fire-fighter to pursue his cause of action against the possibly negligent parties. And in James v. Arms Tech., Inc., 359 N.J.Super. 291, 326, 820 A.2d 27 (App.Div. 2003), this court said that "[t]he fireman's rule has now been abrogated by statute N.J.S.A. 2A:62A-21." The Supreme Courts of South Carolina and Mississippi and a Massachusetts intermediate court have reached the same conclusion with respect to our statute. Farmer v. B & G Food Enters., Inc., 818 So.2d 1154, 1156 (Miss.2002); Minnich v. Med-Waste, Inc., 349 S.C. 567, 564 S.E.2d 98, 102 (2002); and Hopkins v. Medeiros, 48 Mass.App.Ct. 600, 724 N.E.2d 336, 343 (2000). And the Court of Appeals of New York held that a statute like our own abrogated the firemen's rule. Giuffrida v. Citibank Corp., 100 N.Y.2d 72, 760 N.Y.S.2d 397, 401-02, 790 N.E.2d 772 (2003).
This is not a case in which it can be said that literal application of the statutory language is incompatible with the legislative design. Here, consideration of both the text and context leads to the same result: abrogation of the fireman's rule. Moreover the legislative history supports that result. First, as noted above, the Statement to the bill expressly said that the only exception intended was for suits against the injured party's employer or co-employee. Second, if the Legislature was reacting to Rosa, as Kelly assumed, 336 N.J.Super. at 361, 764 A.2d 1031, there is no reason to suppose it was only rejecting the extension of the fireman's rule, rather than agreeing entirely with Justice Handler's dissent, which argued that the rule should be entirely abandoned.
Consequently, we are satisfied that the common law fireman's rule was abrogated entirely by N.J.S.A. 2A:62A-21. We therefore reverse the summary judgment orders and remand for trial.
Reversed and remanded.